# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No.  1:25-cv-00315-CNS-SBP

MAYO THOMPSON, individually, and on behalf of S.R., a minor;
CANDY GRANGER, individually, and on behalf of S.U., a minor;
HEATHER NAUSED, individually, and on behalf of A.N., a minor;
ERIC BENDER and AMY BENDER, individually, and as husband and wife, on behalf of
C.B., a minor,

Plaintiffs,

v.

STEAMBOAT SPRINGS SCHOOL DISTRICT RE-2, a municipal entity;
CELINE WICKS, in her individual and official capacities;
ANNE-MARIE TENNYSON, in her individual and official capacities;
RON PETERSON, in his individual and official capacities;
SYLVIA RAWLINGS, in her individual and official capacities;
CHUCK ROSEMOND, in his individual and official capacities; and
DAN JUBA, in his individual and official capacities,

Defendants.

---

## STEAMBOAT SPRINGS SCHOOL DISTRICT'S PARTIAL ANSWER TO PLAINTIFFS' COMPLAINT AND JURY DEMAND

---

Defendant Steamboat Springs School District RE-2, through undersigned counsel,

answers and otherwise responds to Plaintiffs' Complaint (ECF 1) as follows.[1]

1.      The School District denies the allegations in Paragraph 1 of the Complaint.

---

[1] As set forth in Defendants' contemporaneously filed Partial Motion to Dismiss (ECF 41), Defendants Steamboat Springs School District RE-2, Dr. Celine Wicks, Ron Peterson; Chuck Rosemond, and Dan Juba (collectively, the "School District Defendants") move to dismiss Plaintiffs' Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth Claims for Relief against all School District Defendants; all claims brought by the Parents; and Claims One, Two, and Seven against Defendants Wicks, Peterson, Rosemond, and Juba as individuals (the "Individual District Defendants"). <u>Because the Individual District Defendants have moved to dismiss all claims asserted against them in their individual capacities, this Answer is filed solely on behalf of the District.</u>

2.    The School District denies the allegations in Paragraph 2 of the Complaint.

3.    The School District denies the allegations in Paragraph 3 of the Complaint.

4.    The School District denies the allegations in Paragraph 4 of the Complaint.

5.    The School District denies the allegations in Paragraph 5 of the Complaint.

6.    The School District denies the allegations in Paragraph 6 of the Complaint.

7.    The School District denies the allegations in Paragraph 7 of the Complaint.

8.    The School District denies the allegations in Paragraph 8 of the Complaint.

9.    The School District denies the allegations in Paragraph 9 of the Complaint.

10.    The School District denies the allegations in Paragraph 10 of the Complaint.

11.    The School District denies the allegations in Paragraph 11 of the Complaint.

12.    The School District denies the allegations in Paragraph 12 of the Complaint.

13.    The School District denies the allegations in Paragraph 13 of the Complaint.

14.    The School District denies the allegations in Paragraph 14 of the Complaint.

15.    The School District denies the allegations in Paragraph 15 of the Complaint.

16.    The School District denies the allegations in Paragraph 16 of the Complaint.

17.    The School District denies the allegations in Paragraph 17 of the Complaint.

18.    The School District denies the allegations in Paragraph 18 of the Complaint.

19.    The School District denies the allegations in Paragraph 19 of the Complaint.

## JURISDICTION AND VENUE

20 – 23.    Regarding Paragraphs 20 through 23 of the Complaint, the School District does not contest jurisdiction and venue.

## PARTIES

24.    The School District lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 24 of the Complaint and therefore denies the same.

2

25. The School District lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 25 of the Complaint and therefore denies the same.

26. The School District admits the allegations in Paragraph 26 of the Complaint.

27. The School District denies the allegations in Paragraph 27 of the Complaint. S.R. is 18 years old.

28. The School District lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 28 of the Complaint and therefore denies the same.

29. The School District lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 29 of the Complaint and therefore denies the same.

30. The School District admits the allegations in Paragraph 30 of the Complaint.

31. The School District admits the allegations in Paragraph 31 of the Complaint.

32. The School District lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 32 of the Complaint and therefore denies the same.

33. The School District lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 33 of the Complaint and therefore denies the same.

34. The School District admits the allegations in Paragraph 34 of the Complaint.

35. The School District admits the allegations in Paragraph 35 of the Complaint.

36. The School District lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 36 of the Complaint and therefore denies the same.

37. The School District lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 37 of the Complaint and therefore denies the same.

38. The School District admits the allegations in Paragraph 38 of the Complaint.

39.    The School District denies the allegations in Paragraph 39 of the Complaint. C.B. is 19 years old.

40.    The allegations in Paragraph 40 of the Complaint purport to call for a legal conclusion to which no response is required. To the extent a response is required, the School District denies the allegations.

41.    The School District admits the allegations in Paragraph 41 of the Complaint.

42.    The allegations in Paragraph 42 of the Complaint purport to call for a legal conclusion to which no response is required. To the extent a response is required, the School District denies the allegations.

43.    The School District admits the allegations in Paragraph 43 of the Complaint.

44.    The School District lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 44 of the Complaint and therefore denies the same.

45.    The School District admits the allegations in Paragraph 45 of the Complaint.

46.    The School District lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 46 of the Complaint and therefore denies the same.

47.    The School District admits the allegations in Paragraph 47 of the Complaint.

48.    The School District lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 48 of the Complaint and therefore denies the same.

49.    The School District denies the allegations of Paragraph 49 of the Complaint in part. Defendants Wicks, Tennyson, Peterson, Juba, Rosemond, and Rawlings were agents and employees of the School District during some but not all times material to this Complaint.

**GENERAL ALLEGATIONS**

50. The School District admits the allegations in Paragraph 50 of the Complaint.

51. The School District admits the allegations in Paragraph 51 of the Complaint.

52. The School District admits the allegations in Paragraph 52 of the Complaint.

53. The School District admits the allegations in Paragraph 53 of the Complaint.

54. The School District admits the allegations in Paragraph 54 of the Complaint.

55. The School District admits the allegations in Paragraph 55 of the Complaint.

56. The School District denies the allegations in Paragraph 56 of the Complaint.

57. The School District admits the allegations in Paragraph 57 of the Complaint.

58. The School District denies the allegations in Paragraph 58 of the Complaint.

59. The School District admits the allegations in Paragraph 59 of the Complaint.

60. Regarding the allegations in Paragraph 60 of the Complaint, the School District admits that students in the SSN classroom, like all students who require "special education" under the Individuals with Disabilities Education Act, 20 U.S.C. 1400 et seq. (IDEA), require "specially designed instruction" as that term is defined in the IDEA and relevant regulations. E.g., 34 C.F.R. § 300.39. Otherwise, Paragraph 60 is denied.

61. Regarding the allegations in Paragraph 61 of the Complaint, the School District admits that "special education" is defined in the IDEA to mean "specially designed instruction, at no cost to parents, to meet the unique needs of a child with a disability." 34 C.F.R. § 300.39(a)(1). Otherwise, Paragraph 61 is denied.

62. Regarding the allegations in Paragraph 62 of the Complaint, the School District admits that students who qualify as those "with a disability" under the IDEA,

including students in the School District's SSN classroom, receive special education and related services based on their individual needs. E.g., 34 C.F.R. § 300.8. Under the IDEA, "special education" includes instruction in the classroom and instruction in physical education. 34 C.F.R. § 300.39(a)(1). Under the IDEA, "related services" means "transportation and such developmental, corrective, and supportive services as are required to assist a child with a disability to benefit from special education." 34 C.F.R. § 34(a). Otherwise, Paragraph 62 is denied.

63. Regarding Paragraph 63 of the Complaint, the School District admits that, according to the Colorado Department of Education, students with SSN "are highly diverse learners with extensive needs in the areas of cognition and/or learning, communication, movement, and social/emotional abilities" and who "may also have concurrent health, sensory, physical, and/or behavioral disabilities."[2] Students placed in the School District's SSN program receive services designed to meet their unique needs as reflected in their Individual Education Programs (IEPs). Otherwise, Paragraph 63 is denied.

64. The School District admits the allegations of Paragraph 64 in part. Defendant Wicks became Superintendent in July of 2022 and therefore was not employed as Superintendent "at all relevant times" to this Complaint.

65. The School District denies the allegations in Paragraph 65 of the Complaint.

66. The School District denies the allegations in Paragraph 66 of the Complaint.

67. The School District denies the allegations in Paragraph 67 of the Complaint.

68. The School District denies the allegations in Paragraph 68 of the Complaint.

---

[2] See https://www.cde.state.co.us/cdesped/ssn.

69.   The School District admits the allegations in Paragraph 69 of the Complaint.

70.   The School District denies the allegations in Paragraph 70 of the Complaint and affirmatively states that Defendant Peterson was interim principal of SSHS between January 2023 and May 2023.

71.   The School District denies the allegations in Paragraph 71 of the Complaint and affirmatively states that Defendant Rawlings resigned from the School District on February 3, 2023.

72.   The School District denies the allegations in Paragraph 72 of the Complaint.

73.   The School District denies the allegations in Paragraph 73 of the Complaint.

74.   The School District admits the allegations in Paragraph 74 of the Complaint.

75.    The School District denies the allegations in Paragraph 75 of the Complaint.

76.   The School District denies the allegations in Paragraph 76 of the Complaint.

77.   The allegations in Paragraph 77 of the Complaint purport to call for a legal conclusion to which no response is required.

78.   The School District denies the allegations in Paragraph 78 of the Complaint.

79.   The School District denies the allegations in Paragraph 79 of the Complaint.

80.   The School District admits that S.R., A.N., S.U., and C.B. were students of SSHS and were assigned to the SSN classroom but denies that "Defendant SSSD" assigned them. The School District affirmatively states that students were placed in the SSN classroom based on the needs and services outlined in their IEPs, which are created by Students' IEP teams that include Students' Parents.

81.   The allegations in Paragraph 81 of the Complaint concern naming conventions and do not require a response.

82.    The School District admits the allegations in Paragraph 82 of the Complaint.

83.    The School District admits the allegations in Paragraph 83 of the Complaint.

84.    The School District denies the allegations in Paragraph 84 of the Complaint.

85.    The School District admits the allegations in Paragraph 85 of the Complaint.

86.    The School District admits the allegations in Paragraph 86 of the Complaint.

87.    The School District lacks knowledge or information sufficient to admit or deny the
       allegations in Paragraph 87 of the Complaint and therefore denies the same.

88.    The School District admits the allegations in Paragraph 88 of the Complaint.

89.    The School District admits the allegations in Paragraph 89 of the Complaint.

90.    Regarding the allegations in Paragraph 90 of the Complaint, the School District
       admits that S.R. attended SSHS and received services in the school's SSN
       classroom.

91.    The School District admits that S.R.'s IEP called for the supports quoted in
       Paragraph 91 of the Complaint. Otherwise, Paragraph 91 is denied.

92.    The School District denies the allegations in Paragraph 92 of the Complaint and
       affirmatively states that S.R.'s IEP team determined S.R. was a student with
       "multiple disabilities."

93.    The School District denies the allegations in Paragraph 93 of the Complaint.

94.    The School District denies the allegations in Paragraph 94 of the Complaint.

95.    The School District admits the allegations in Paragraph 95 of the Complaint.

96.    The School District admits the allegations in Paragraph 96 of the Complaint.

97.    The School District denies the allegations in Paragraph 97 of the Complaint.

98.    The School District admits the allegations in Paragraph 98 of the Complaint.

99.  Regarding the allegations of Paragraph 99 of the Complaint, the School District admits that S.U. required assistance with toileting procedures to maintain safety and physical assistance with garments and hand-washing. Otherwise, Paragraph 99 is denied.

100. Regarding the allegations in Paragraph 100 of the Complaint, the School District admits the allegations in part. S.U. attended SSHS as a student of the SSN classroom during the 2022-2023 school year and part of the 2023-2024 school year.

101. Regarding the allegations in Paragraph 101 of the Complaint, the School District denies that S.U. faced discrimination—ongoing or otherwise. The School District lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 101 and therefore denies the same.

102. The School District admits the allegations in Paragraph 102 of the Complaint.

103. The School District denies the allegations in Paragraph 103 of the Complaint and affirmatively states that S.U.'s IEP team, not the School District, determined that S.U. was a student with "multiple disabilities."

104. Regarding the allegations in Paragraph 104 of the Complaint, the School District admits that S.U. was assigned a 1:1 paraprofessional as reflected in his IEP and as determined by his IEP team. Otherwise, Paragraph 104 is denied.

105. The School District admits the allegations in Paragraph 105 of the Complaint.

106. The School District admits the allegations in Paragraph 106 of the Compliant.

107. The School District denies the allegations in Paragraph 107 of the Complaint.

108. The School District denies the allegations in Paragraph 108 of the Complaint.

109.  The School District admits the allegations in Paragraph 109 of the Complaint.

110.  The School District admits the allegations in Paragraph 110 of the Complaint.

111.  The School District admits the allegations in Paragraph 111 of the Complaint.

112.  The School District admits the allegations in Paragraph 112 of the Complaint.

113.  The School District admits the allegations in Paragraph 113 of the Complaint.

114.  The School District admits the allegations in Paragraph 114 of the Complaint.

115.  The School District admits the allegations in Paragraph 115 of the Complaint.

116.  Regarding the allegations in Paragraph 116 of the Complaint, the School District admits that A.N. was assigned a 1:1 paraprofessional as reflected in his IEP and as deemed appropriated by A.N.'s IEP team.

117.  The School District admits that A.N. is nonverbal but denies the remaining allegations in Paragraph 117 of the Complaint.

118.  The School District admits the allegations in Paragraph 118 of the Complaint.

119.  The School District admits the allegations in Paragraph 119 of the Complaint.

120.  The School District admits the allegations in Paragraph 120 of the Complaint.

121.  The School District admits the allegations in Paragraph 121 of the Complaint.

122.  Regarding the allegations in Paragraph 122 of the Complaint, the School District admits the allegations in part. C.B. attended SSHS and received services in the SSN classroom.

123.  Regarding the allegations in Paragraph 123 of the Complaint, the School District admits that, as outlined in C.B.'s treatment plan, School District staff were instructed: "If [C.B.] is wet change the entire pullup, if not wet change the pad only."

The School District denies the allegations in Paragraph 123 of the Complaint to the extent they differ from or contradict the treatment plan.

124.    The School District denies the allegations in Paragraph 124 of the Complaint.

125.    The allegations in Paragraph 125 of the Complaint purport to call for a legal conclusion to which no response is required. To the extent a response is required, the School District denies the allegations.

126.    The School District lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 126 concerning the relative advantages to each member school district from an arrangement with the BOCES and therefore denies the same.

127.    Regarding the allegations in Paragraph 127 of the Complaint, the School District admits that BOCES can act as an administrative unit under the IDEA and Colorado's Exceptional Children Education Act. The remaining allegations in Paragraph 127 purport to paraphrase requirements under state law and therefore do not require a response.

128.    The allegations in Paragraph 128 of the Complaint purport to paraphrase the requirements of state law and therefore do not require a response.

129.    The allegations in Paragraph 129 of the Complaint purport to paraphrase requirements of state law and therefore do not require a response.

130.    The allegations in Paragraph 130 of the Complaint purport to call for a legal conclusion to which no response is required.

131.    The allegations in Paragraph 131 of the Complaint purport to call for a legal conclusion to which no response is required.

132.   The allegations in Paragraph 132 of the Complaint purport to call for a legal conclusion to which no response is required.

133.   The allegations in Paragraph 133 of the Complaint purport to call for a legal conclusion to which no response is required.

134.   The allegations in Paragraph 134 of the Complaint purport to call for a legal conclusion to which no response is required.

135.   The allegations in Paragraph 135 of the Complaint purport to call for a legal conclusion to which no response is required.

136.   The allegations in Paragraph 136 of the Complaint purport to call for a legal conclusion to which no response is required.

137.   The allegations in Paragraph 137 of the Complaint purport to call for a legal conclusion to which no response is required.

138.   The allegations in Paragraph 138 of the Complaint purport to call for a legal conclusion to which no response is required.

139.   The allegations in Paragraph 139 of the Complaint purport to call for a legal conclusion to which no response is required.

140.   The allegations in Paragraph 140 of the Complaint purport to call for a legal conclusion to which no response is required.

141.   The School District admits the allegations in Paragraph 141 of the Complaint.

142.   The allegations in Paragraph 142 attempt to paraphrase and quote from a document that speaks for itself. If the allegations contradict that document, they are denied.

143. The allegations in Paragraph 143 attempt to paraphrase and quote from a document that speaks for itself. If the allegations contradict that document, they are denied.

144. The School District denies the allegations in Paragraph 144 of the Complaint.

145. The allegations in Paragraph 145 of the Complaint purport to call for a legal conclusion to which no response is required.

146. The allegations in Paragraph 146 of the Complaint purport to call for a legal conclusion to which no response is required.

147. Regarding the allegations in Paragraph 147 of the Complaint, the School District admits that Defendant Rawlings was hired as a paraprofessional for the 2022-2023 school year but denies the remaining allegations.

148. The School District denies the allegations in Paragraph 148 of the Complaint.

149. The School District denies the allegations in Paragraph 149 of the Complaint.

150. The School District denies the allegations in Paragraph 150 of the Complaint.

151. The School District denies the allegations in Paragraph 151 of the Complaint.

152. The School District denies the allegations in Paragraph 152 of the Complaint.

153. The School District denies the allegations in Paragraph 153 of the Complaint.

154. The School District denies the allegations in Paragraph 154 of the Complaint.

155. The School District denies the allegations in Paragraph 155 of the Complaint.

156. The School District denies the allegations in Paragraph 156 of the Complaint.

157. The School District denies the allegations in Paragraph 157 of the Complaint.

158.  The School District denies the allegations in Paragraph 158 of the Complaint. As
to the footnote attached to Paragraph 158, the allegations therein attempt to
paraphrase the requirements of state law and therefore no response is required.

159.  The School District denies the allegations in Paragraph 159 of the Complaint.

160.  The School District denies the allegations in Paragraph 160 of the Complaint.

161.  Regarding the allegations in Paragraph 161 of the Complaint, the School District
admits that security cameras are installed in certain places within SSHS but denies
the remaining allegations.

162.  The School District denies the allegations in Paragraph 162 of the Complaint.

163.  The School District denies the allegations in Paragraph 163 of the Complaint.

164.  The School District denies the allegations in Paragraph 164 of the Complaint.

165.  The allegations in Paragraph 165 of the Complaint purport to call for a legal
conclusion to which no response is required. To the extent a response is required,
the School District denies the allegations.

166.  The allegations in Paragraph 166 of the Complaint purport to call for a legal
conclusion to which no response is required. To the extent a response is required,
the School District denies the allegations.

167.  The allegations in Paragraph 167 of the Complaint purport to call for a legal
conclusion to which no response is required. To the extent a response is required,
the School District denies the allegations.

168.  The allegations in Paragraph 168 of the Complaint purport to call for a legal
conclusion to which no response is required. To the extent a response is required,
the School District denies the allegations.

169.    The School District denies the allegations in Paragraph 169 of the Complaint because the Students were not subjected to abusive and discriminatory practices.

170.    The School District denies the allegations in Paragraph 170 of the Complaint.

171.    The School District denies the allegations in Paragraph 171 of the Complaint.

172.    The School District denies the allegations in Paragraph 172 of the Complaint.

173.    The School District denies the allegations in Paragraph 173 of the Complaint.

174.    The School District denies the allegations in Paragraph 174 of the Complaint.

175.    The School District denies the allegations in Paragraph 175 of the Complaint.

176.    The School District denies the allegations in Paragraph 176 of the Complaint.

177.    The School District denies the allegations in Paragraph 177 of the Complaint.

178.    The School District denies the allegations in Paragraph 178 of the Complaint.

179.    The School District denies the allegations in Paragraph 179 of the Complaint.

180.    The School District denies the allegations in Paragraph 180 of the Complaint.

181.    The School District denies the allegations in Paragraph 181 of the Complaint.

182.    The School District denies the allegations in Paragraph 182 of the Complaint.

183.    The School District denies the allegations in Paragraph 183 of the Complaint.

184.    The School District denies the allegations in Paragraph 184 of the Complaint.

185.    The School District admits the allegations in Paragraph 185 of the Complaint.

186.    The School District denies the allegations in Paragraph 186 of the Complaint.

187.    The School District denies the allegations in Paragraph 187 of the Complaint.

188.    The School District denies the allegations in Paragraph 188 of the Complaint.

189.    The School District denies the allegations in Paragraph 189 of the Complaint.

190.    The School District denies the allegations in Paragraph 190 of the Complaint.

191.    The School District denies the allegations in Paragraph 191 of the Complaint.

192.    The School District denies the allegations in Paragraph 192 of the Complaint.

193.    The School District denies the allegations in Paragraph 193 of the Complaint.

194.    The School District denies the allegations in Paragraph 194 of the Complaint.

195.    The School District denies the allegations in Paragraph 195 of the Complaint.

196.    The School District denies the allegations in Paragraph 196 of the Complaint.

197.    The School District denies the allegations in Paragraph 197 of the Complaint.

198.    The School District denies the allegations in Paragraph 198 of the Complaint.

199.    The School District denies the allegations in Paragraph 199 of the Complaint.

200.    The School District denies the allegations in Paragraph 200 of the Complaint.

201.    The School District denies the allegations in Paragraph 201 of the Complaint.

202.    The School District denies the allegations in Paragraph 202 of the Complaint.

203.    The School District denies the allegations in Paragraph 203 of the Complaint.

204.    The School District denies the allegations in Paragraph 204 of the Complaint.

205.    The School District denies the allegations in Paragraph 205 of the Complaint.

206.    The allegations in Paragraph 206 of the Complaint purport to call for a legal conclusion to which no response is required. To the extent a response is required, the School District denies the allegations.

207.    The allegations in Paragraph 207 of the Complaint purport to call for a legal conclusion to which no response is required. To the extent a response is required, the School District denies the allegations.

208.   The allegations in Paragraph 208 of the Complaint purport to call for a legal conclusion to which no response is required. To the extent a response is required, the School District denies the allegations.

209.   Regarding the allegations in Paragraph 209 of the Complaint, the School District admits that Defendant Rawlings would take S.R. to the gymnasium routinely but denies the remaining allegations.

210.   The School District denies the allegations in Paragraph 210 of the Complaint.

211.    Regarding the allegations in Paragraph 211 of the Complaint, the School District admits that S.R. is nonverbal but denies the remaining allegations.

212.   Regarding the allegations in Paragraph 212 of the Complaint, the School District admits that S.R. is nonverbal but denies the remaining allegations.

213.   The School District denies the allegations in Paragraph 213 of the Complaint.

214.   The School District denies the allegations in Paragraph 214 of the Complaint.

215.   The School District denies the allegations in Paragraph 215 of the Complaint.

216.   Regarding the allegations in Paragraph 216 of the Complaint, the School District admits that on January 31, 2023, Defendant Rawlings pushed S.R.'s wheelchair while playing a game and that the wheelchair accidentally tipped over. The School District denies that Defendant Rawlings "flipped" the wheelchair.

217.   Regarding the allegations in Paragraph 217 of the Complaint, the School District denies the characterization that Defendant Rawlings spun S.R. "violently" or that S.R. "landed face-first" on the floor.

218.   The School District denies the allegations in Paragraph 218 of the Complaint.

219. Regarding the allegations in Paragraph 219 of the Complaint, the School District admits that Defendant Rawling did not request or yell for assistance because Defendant Rawlings immediately attempted to pick up S.R.'s wheelchair.

220. Regarding the allegations in Paragraph 220 of the Complaint, the School District admits that Defendant Rawlings did not request medical assistance. The School District denies that S.R. was "flipped onto her face."

221. The School District denies the allegations in Paragraph 221 of the Complaint.

222. The School District denies the allegations in Paragraph 222 of the Complaint.

223. The School District denies the allegations in Paragraph 223 of the Complaint.

224. Regarding the allegations in Paragraph 224 of the Complaint, the School District admits that S.R. did not engage in behavior that caused her wheelchair to tip over. Otherwise, Paragraph 224 is denied.

225. The School District admits the allegations in Paragraph 225 of the Complaint.

226. The allegations in Paragraph 226 of the Complaint purport to call for a legal conclusion to which no response is required. To the extent a response is required, the School District denies the allegations.

227. Regarding the allegations in Paragraph 227 of the Complaint, the School District admits that Defendant Rawlings continued pushing S.R. in her wheelchair and that she did not leave the gymnasium for approximately four and a half minutes. The School District denies the remaining allegations in this paragraph.

228. The School District denies the allegations in Paragraph 228 of the Complaint.

229. The School District admits the allegations in Paragraph 229 of the Complaint. The School District affirmatively states that Defendant Rawlings told SSN teacher Kevin Luce, her supervisor, about the incident.

230. The School District admits the allegations in Paragraph 230 of the Complaint and affirmatively states that the employee who reported the incident to a school nurse was Kevin Luce.

231. The School District admits the allegations in Paragraph 231 of the Complaint.

232. Regarding the allegations in Paragraph 232 of the Complaint, the School District denies that the school nurse "falsely represented" that S.R. sustained no injuries. The School District affirmatively states that the school nurse reported what SSN teacher Kevin Luce reported to her.

233. The School District admits the allegations in Paragraph 233 of the Complaint and affirmatively states that the employee who reported the assessment to her was Kevin Luce.

234. The School District admits the allegations in Paragraph 234 of the Complaint.

235. The School District lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 235 of the Complaint and therefore denies the same.

236. The School District lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 236 of the Complaint and therefore denies the same.

237. The School District lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 237 of the Complaint and therefore denies the same.

238. The School District lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 238 of the Complaint and therefore denies the same.

239.    The School District lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 239 of the Complaint and therefore denies the same.

240.    Regarding the allegations in Paragraph 240 of the Complaint, the School District admits that Plaintiff Thompson met with Defendant Peterson on the morning of February 1, 2023, to discuss the incident, and that Plaintiff Thompson and Defendant Peterson reviewed video footage of the incident. Otherwise, Paragraph 240 is denied.

241.    Insofar as the allegations in Paragraph 241 of the Complaint refer to statements Defendant Rawlings made during a meeting on February 1, 2023, between Plaintiff Thompson, Defendant Peterson, and Defendant Rawlings, the School District denies the allegations, as no such meeting occurred. Insofar as the allegations in Paragraph 241 of the Complaint refer to statements made by Defendant Rawlings at a different time, the School District lacks knowledge or information sufficient to admit or deny the allegations and therefore denies the same.

242.    Insofar as the allegations in Paragraph 242 of the Complaint refer to statements Defendant Rawlings made during a meeting on February 1, 2023, between Plaintiff Thompson, Defendant Peterson, and Defendant Rawlings, the School District denies the allegations, as no such meeting occurred. Insofar as the allegations in Paragraph 242 of the Complaint refer to a different statement made by Defendant Rawlings at a different time, the School District lacks knowledge or information sufficient to admit or deny the allegations and therefore denies the same.

243.    Insofar as the allegations in Paragraph 243 of the Complaint refer to statements Defendant Rawlings made during a meeting on February 1, 2023, between Plaintiff

Thompson, Defendant Peterson, and Defendant Rawlings, the School District denies the allegations, as no such meeting occurred. Insofar as the allegations in Paragraph 243 of the Complaint refer to Complaint refer to a different statement made by Defendant Rawlings at a different time, the School District lacks knowledge or information sufficient to admit or deny the allegations and therefore denies the same.

244. Regarding the allegations in Paragraph 244 of the Complaint, the School District admits that Defendant Peterson and Plaintiff Thompson watched the surveillance video together. The remaining allegations reference a video which speaks for itself. The surveillance video does not have sound and could not have indicated that S.R. was "screaming." To the extent the allegations in Paragraph 244 contradict the video, they are denied.

245. The allegations in Paragraph 245 of the Complaint reference a video which speaks for itself. To the extent the allegations in Paragraph 245 contradict the video, those allegations are denied.

246. Regarding the allegations in Paragraph 246 of the Complaint, the School District admits that Defendant Peterson immediately reported the incident to the School Resource Officer Lisa Eifling. Otherwise, the remaining allegations of Paragraph 246 are denied.

247. The School District lacks knowledge or information sufficient to admit or deny the allegations In Paragraph 247 of the Complaint and therefore denies the same.

248. The School District admits the allegations in Paragraph 248 of the Complaint.

249. The School District denies the allegations in Paragraph 249 of the Complaint.

250.   The School District admits the allegations in Paragraph 250 of the Complaint.

251.   The allegations in Paragraph 251 reference a charging document which speaks for itself. To the extent the allegations in Paragraph 251 contradict the charging document, those allegations are denied.

252.   The School District admits the allegations in Paragraph 252 of the Complaint.

253.   The School District lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 253 of the Complaint and therefore denies the same.

254.   The allegations of Paragraph 254 of the Complaint refer to a legal document which speaks for itself and to which no response is required.

255.   The School District admits the allegations in Paragraph 255 of the Complaint. SSN teacher Kevin Luce did not report S.R.'s injuries to a supervisor.

256.   The School District denies the allegations in Paragraph 256 of the Complaint.

257.   The School District denies the allegations in Paragraph 257 of the Complaint.

258.   The School District denies the allegations in Paragraph 258 of the Complaint.

259.   The School District denies the allegations in Paragraph 259 of the Complaint.

260.   The School District denies the allegations in Paragraph 260 of the Complaint.

261.   The School District denies the allegations in Paragraph 261 of the Complaint.

262.   The School District denies the allegations in Paragraph 262 of the Complaint.

263.   The allegations in Paragraph 263 of the Complaint purport to call for a legal conclusion to which no response is required. To the extent a response is required, the School District denies the allegations.

264.   The School District denies the allegations in Paragraph 264 of the Complaint.

265.   The School District denies the allegations in Paragraph 265 of the Complaint.

266.  The School District lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 266 of the Complaint and therefore denies the same.

267.  The allegations in Paragraph 267 reference an email that speaks for itself. To the extent the allegations contradict the email, those allegations are denied.

268.  The School District lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 268 of the Complaint and therefore denies the same.

269.  The School District denies the allegations in Paragraph 269 of the Complaint.

270.  The School District denies the allegations in Paragraph 270 of the Complaint.

271.  The School District denies the allegations in Paragraph 271 of the Complaint.

272.  The School District lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 272 of the Complaint and therefore denies the same.

273.  The School District denies the allegations in Paragraph 273 of the Complaint.

274.  The School District admits the allegations in Paragraph 274 of the Complaint.

275.  The School District admits the allegations in Paragraph 275 of the Complaint.

276.  The School District admits the allegations in Paragraph 276 of the Complaint.

277.  The School District admits the allegations in Paragraph 277 of the Complaint.

278.  The School District admits the allegations in Paragraph 278 of the Complaint.

279.  Regarding the allegations in Paragraph 279 of the Complaint, the School District admits that Defendant Peterson met with Plaintiff Granger on May 26, 2023 and showed her a video of paraeducator Rod Wells interacting with S.U. at SSHS. The remaining allegations of Paragraph 279 are denied.

280.  The allegations in Paragraph 280 reference a video that speaks for itself. To the extent the allegations contradict the video, those allegations are denied.

281.  The allegations in Paragraph 281 reference a video that speaks for itself. To the extent the allegations contradict the video, those allegations are denied.

282.  The School District denies the allegations in Paragraph 282 of the Complaint.

283.  The allegations in Paragraph 283 attempt to characterize actions or behavior captured in a video that speaks for itself. To the extent the allegations contradict the video, those allegations are denied.

284.  The School District denies the allegations in Paragraph 284 of the Complaint.

285.  The School District admits the allegations in Paragraph 285 of the Complaint.

286.  The School District denies the allegations in Paragraph 286 of the Complaint.

287.  The allegations in Paragraph 287 of the Complaint purport to call for a legal conclusion to which no response is required. To the extent a response is required, the School District denies the allegations.

288.  The School District denies the allegations in Paragraph 288 of the Complaint.

289.  The School District denies the allegations in Paragraph 289 of the Complaint. The School District affirmatively states that paraeducator Rod Wells was immediately terminated for the incident with S.U. over Plaintiff Granger's objection because she wanted Mr. Wells to continue working with S.U.

290.  The School District denies the allegations in Paragraph 290 of the Complaint.

291.  The School District lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 291 of the Complaint and therefore denies the same.

292.  The School District denies the allegations in Paragraph 292 of the Complaint.

293.  The School District denies the allegations in Paragraph 293 of the Complaint.

294.  The School District denies the allegations in Paragraph 294 of the Complaint.

295.   The School District denies the allegations in Paragraph 295 of the Complaint.

296.   The School District denies the allegations in Paragraph 296 of the Complaint.

297.   The School District denies the allegations in Paragraph 297 of the Complaint.

298.   The School District denies the allegations in Paragraph 298 of the Complaint.

299.   The School District denies the allegations in Paragraph 299 of the Complaint.

300.   The School District denies the allegations in Paragraph 300 of the Complaint.

301.   The School District denies the allegations in Paragraph 301 of the Complaint.

302.   The allegations in Paragraph 302 of the Complaint purport to call for a legal conclusion to which no response is required. To the extent a response is required, the School District denies the allegations.

303.   The School District denies the allegations in Paragraph 303 of the Complaint.

304.   The School District denies the allegations in Paragraph 304 of the Complaint.

305.   The School District denies the allegations in Paragraph 305 of the Complaint.

306.   The School District denies the allegations in Paragraph 306 of the Complaint.

307.   The School District denies the allegations in Paragraph 307 of the Complaint.

308.   The School District denies the allegations in Paragraph 308 of the Complaint.

309.   The School District denies the allegations in Paragraph 309 of the Complaint.

310.   Regarding the allegations in Paragraph 310 of the Complaint, the School District admits that A.N. is nonverbal but denies the remaining allegations.

311.   The School District denies the allegations in Paragraph 311 of the Complaint.

312.   The School District lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 312 of the Complaint and therefore denies the same.

313.    The School District lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 313 of the Complaint and therefore denies the same.

314.    The School District lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 314 of the Complaint and therefore denies the same.

315.    The School District denies the allegations in Paragraph 315 of the Complaint.

316.    The School District denies the allegations in Paragraph 316 of the Complaint.

317.    The School District denies the allegations in Paragraph 317 of the Complaint.

318.    The allegations in Paragraph 318 of the Complaint purport to call for a legal conclusion to which no response is required. To the extent a response is required, the School District denies the allegations.

319.    The School District denies the allegations in Paragraph 319 of the Complaint.

320.    The School District denies the allegations in Paragraph 320 of the Complaint.

321.    The School District denies the allegations in Paragraph 321 of the Complaint.

322.    The School District denies the allegations in Paragraph 322 of the Complaint.

323.    The School District denies the allegations in Paragraph 323 of the Complaint.

324.    The School District denies the allegations in Paragraph 324 of the Complaint.

325.    The School District denies the allegations in Paragraph 325 of the Complaint.

326.    The School District denies the allegations in Paragraph 326 of the Complaint.

327.    The allegations in Paragraph 327 of the Complaint purport to call for a legal conclusion to which no response is required. To the extent a response is required, the School District denies the allegations.

328.    The School District denies the allegations in Paragraph 328 of the Complaint.

329.    The School District denies the allegations in Paragraph 329 of the Complaint.

330.   The School District denies the allegations in Paragraph 330 of the Complaint.

331.   The School District denies the allegations in Paragraph 331 of the Complaint.

332.   The School District denies the allegations in Paragraph 323 of the Complaint.

333.   The School District denies the allegations in Paragraph 333 of the Complaint.

334.   The School District denies the allegations in Paragraph 334 of the Complaint.

335.   The School District denies the allegations in Paragraph 335 of the Complaint.

336.   The School District denies the allegations in Paragraph 336 of the Complaint.

337.   The School District denies the allegations in Paragraph 337 of the Complaint.

338.   The School District denies the allegations in Paragraph 338 of the Complaint.

339.   The allegations in Paragraph 339 of the Complaint purport to call for a legal conclusion to which no response is required. To the extent a response is required, the School District denies the allegations.

340.   The School District denies the allegations in Paragraph 340 of the Complaint.

341.   The allegations in Paragraph 341 of the Complaint purport to call for a legal conclusion to which no response is required. To the extent a response is required, the School District denies the allegations.

342.   Regarding the allegations of Paragraph 342 of the Complaint, the School District admits that C.B. is nonverbal but denies the remaining allegations.

343.   The School District denies the allegations in Paragraph 343 of the Complaint.

344.   The School District denies the allegations in Paragraph 344 of the Complaint.

345.   The School District denies the allegations in Paragraph 345 of the Complaint.

346.   The School District denies the allegations in Paragraph 346 of the Complaint.

347.   The School District denies the allegations in Paragraph 347 of the Complaint.

348.   The School District denies the allegations in Paragraph 348 of the Complaint.

349.   The allegations in Paragraph 349 of the Complaint purport to call for a legal conclusion to which no response is required. To the extent a response is required, the School District denies the allegations.

350.   The School District admits the allegations in Paragraph 350 of the Complaint.

351.   The School District admits the allegations in Paragraph 351 of the Complaint.

352.   The School District lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 352 of the Complaint and therefore denies the same.

353.   The School District admits the allegations in Paragraph 353 of the Complaint.

354.   The School District admits the allegations in Paragraph 354 of the Complaint.

355.   The School District denies the allegations in Paragraph 355 of the Complaint.

356.   The School District denies the allegations in Paragraph 356 of the Complaint.

357.   The allegations in Paragraph 357 of the Complaint purport to call for a legal conclusion to which no response is required. To the extent a response is required, the School District denies the allegations.

358.   The allegations in Paragraph 358 of the Complaint purport to call for a legal conclusion to which no response is required. To the extent a response is required, the School District denies the allegations.

359.   The School District denies the allegations in Paragraph 359 of the Complaint.

360.   The School District denies the allegations in Paragraph 360 of the Complaint.

361.   The School District denies the allegations in Paragraph 361 of the Complaint.

**FIRST CLAIM FOR RELIEF**[3]
**Violation of Title II of the ADA of 1990**
**42 U.S.C. 12131 et seq**
**(All Plaintiffs v. All Defendants)**

362. In response to Paragraph 362 of the Complaint, the School District incorporates by reference its responses to Paragraphs 1-361 as though fully set forth herein.

363. The allegations in Paragraph 363 purport to call for a legal conclusion to which no response is required.

364. The allegations in Paragraph 364 purport to call for a legal conclusion to which no response is required.

365. The School District admits the allegations in Paragraph 365 of the Complaint.

366. The School District admits the allegations in Paragraph 366 of the Complaint.

367. The School District denies the allegations in Paragraph 367of the Complaint.

368. The School District denies the allegations in Paragraph 368 of the Complaint.

369. The School District denies the allegations in Paragraph 369 of the Complaint.

370. The School District denies the allegations in Paragraph 370 of the Complaint.

371. The School District denies the allegations in Paragraph 371 of the Complaint.

372. The School District denies the allegations in Paragraph 372 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**Violation of Title II of the ADA of 1990**
**42 U.S.C. 12131 et seq**
**(All Plaintiffs v. All Defendants)**

373. In response to Paragraph 373 of the Complaint, the School District incorporates by reference its responses to Paragraphs 1-372 as though fully set forth herein.

---

[3] Although the First Claim for Relief is purportedly brought under Title II of the ADA, the allegations within the claim make clear that Plaintiffs intend to bring this claim under Section 504 of the Rehabilitation Act.

374. The allegations in Paragraph 374 purport to call for a legal conclusion to which no response is required.

375. The allegations in Paragraph 375 purport to call for a legal conclusion to which no response is required.

376. The School District denies the allegations in Paragraph 376 of the Complaint.

377. The School District denies the allegations in Paragraph 377 of the Complaint.

378. The School District denies the allegations in Paragraph 378 of the Complaint.

379. The School District denies the allegations in Paragraph 379 of the Complaint.

380. The School District denies the allegations in Paragraph 380 of the Complaint.

381. The School District denies the allegations in Paragraph 381 of the Complaint.

382. The School District denies the allegations in Paragraph 382 of the Complaint.

383. The School District denies the allegations in Paragraph 383 of the Complaint.

## THIRD CLAIM FOR RELIEF
**Violations of the Fourth Amendment of the United States Constitution
42 U.S.C. § 1983
(All Plaintiffs v. All Defendants)**

The School District Defendants have contemporaneously filed a motion to dismiss Plaintiffs' Third Claim for Relief, therefore an answer to Plaintiffs' Third Claim for Relief is not required. To the extent a response is required, the School District Defendants deny any allegations of the Complaint not specifically admitted to herein.

## FOURTH CLAIM FOR RELIEF
**Violations of Substantive Due Process under the Fourteenth Amendment of the United States Constitution
42 U.S.C. § 1983
(All Plaintiffs v. All Defendants)**

The School District Defendants have contemporaneously filed a motion to dismiss Plaintiffs' Fourth Claim for Relief, therefore an answer to Plaintiffs' Fourth Claim for Relief

is not required. To the extent a response is required, the School District Defendants deny any allegations of the Complaint not specifically admitted to herein.

## FIFTH CLAIM FOR RELIEF
**Violation of Procedural Due Process under the Fourteenth Amendment of the
United States Constitution
42 U.S.C. § 1983
(All Plaintiffs v. All Defendants)**

The School District Defendants have contemporaneously filed a motion to dismiss Plaintiffs' Fifth Claim for Relief, therefore an answer to Plaintiffs' Fifth Claim for Relief is not required. To the extent a response is required, the School District Defendants deny any allegations of the Complaint not specifically admitted to herein.

## SIXTH CLAIM FOR RELIEF
**Violation of the Equal Protection Clause of the Fourteenth Amendment of the
United States Constitution
42 U.S.C. § 1983
(All Plaintiffs v. All Defendants)**

The School District Defendants have contemporaneously filed a motion to dismiss Plaintiffs' Sixth Claim for Relief, therefore an answer to Plaintiffs' Sixth Claim for Relief is not required. To the extent a response is required, the School District Defendants deny any allegations of the Complaint not specifically admitted to herein.

## SEVENTH CLAIM FOR RELIEF
**Hostile Environment in Violation of Title VI
42 U.S.C. § 2000d et seq.
(Plaintiff Mayo Thompson/S.R. v. Defendants SSSD, Wicks, Tennyson, Peterson,
and Rawlings)**

The School District Defendants have contemporaneously filed a motion to dismiss Plaintiffs' Seventh Claim for Relief, therefore an answer to Plaintiffs' Seventh Claim for Relief is not required. To the extent a response is required, the School District Defendants deny any allegations of the Complaint not specifically admitted to herein.

## EIGHTH CLAIM FOR RELIEF
### Racial and Ethnic Discrimination
### 42 U.S.C. § 1981
### (Plaintiff Mayo Thompson/S.R. v. Defendants SSSD, Wicks, Tennyson, Peterson and Rawlings)

The School District Defendants have contemporaneously filed a motion to dismiss Plaintiffs' Eighth Claim for Relief, therefore an answer to Plaintiffs' Eighth Claim for Relief is not required. To the extent a response is required, the School District Defendants deny any allegations of the Complaint not specifically admitted to herein.

## NINTH CLAIM FOR RELIEF
### Action for Neglect to Prevent
### 42 U.S.C. § 1986
### (Plaintiff Mayo Thompson/S.R. v. Defendants SSSD, Wicks, Tennyson, and Peterson)

The School District Defendants have contemporaneously filed a motion to dismiss Plaintiffs' Ninth Claim for Relief, therefore an answer to Plaintiffs' Ninth Claim for Relief is not required. To the extent a response is required, the School District Defendants deny any allegations of the Complaint not specifically admitted to herein.

## GENERAL DENIAL

Any allegation in the Complaint not expressly admitted herein is denied. The School District Defendants reserve the right to amend their responses herein, as the discovery process may reveal additional information that could impact these responses.

## AFFIRMATIVE DEFENSES[4]

1.    The School District's actions at all times complied with constitutional, statutory,

---

[4] Because the School District is moving to dismiss Plaintiffs' Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Claims for Relief, the School District has included only those affirmative defenses that pertain to Plaintiffs' First and Second Claims for Relief. The School District reserves the right to assert additional affirmative defenses applicable to the Third through Ninth Claims for Relief should any of those claims survive dismissal.

and common law obligations.

2.     The School District cannot be held vicariously liable or liable under a theory of

*respondeat superior* for the actions of its employees under the claims asserted.

3.     Plaintiffs cannot prove that the School District acted with requisite intent.

4.     The School District's conduct towards Plaintiffs was non-discriminatory in all

respects.

5.     Plaintiffs' recoverable damages, if any, are not to the nature and extent alleged

and were not caused by the School District.

6.     Plaintiffs cannot state a claim for which relief may be granted.

7.     Plaintiffs were not denied educational opportunities or benefits.

8.     Compensatory damages are not available on some or all claims for relief.

9.     Punitive damages are not available on some or all claims for relief.

**JURY DEMAND**

PURSUANT TO FED.R.CIV.P. 38, THE SCHOOL DISTRICT DEFENDANTS

HEREBY DEMAND THAT THE CASE BE TRIED TO A JURY.

Respectfully submitted this 5th day of September 2025.

*s/ Gwyneth Whalen*
Gwyneth Whalen
Elliott V. Hood
Caroline G. Gecker
CAPLAN AND EARNEST LLC
3107 Iris Ave, Ste 100
Boulder, CO 80301
303-443-8010
gwhalen@celaw.com
ehood@celaw.com
cgecker@celaw.com

**CERTIFICATE OF SERVICE**

This is to certify that on September 5, 2025, a true and correct copy of the foregoing was filed with the U.S. District Court of Colorado CM/ECF System which will notify the following:

Jessica L. Breuer, Esq.
Stephen Burg, Esq.
Burg Simpson Eldredge Hersh & Jardine, P.C.
jbreuer@burgsimpson.com; sburg@burgsimpson.com
*Attorneys for Plaintiffs*

Courtney B. Kramer, Esq.
Bennett M. Harrell, Esq.
SGR, LLC
ckramer@sgrllc.com; bharrell@sgrllc.com
*Attorneys for Defendant Anne-Marie Tennyson*

Catherine A. Tallerico, Esq.
Lyons Gaddis, P.C.
ctallerico@lyonsgaddis.com
*Attorney for Defendant Sylvia Rawlings*

s/*Shelley McKinstry*
Shelley McKinstry, Paralegal