## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-CV-315-CNS-SBP

MAYO THOMPSON, individually, and on behalf of S.R., a minor; CANDY GRANGER, individually, and on behalf of S.U., a minor; HEATHRE NAUSED, individually, and on behalf of A.N., a minor; ERIC BENDER and AMY BENDER, individually, and as husband and wife, on behalf of C.B., a minor.

      Plaintiffs,

v.

STEAMBOAT SPRINGS SCHOOL DISTRICT RE-2, a municipal entity; CELINE WICKS, in her individual and official capacities; ANNE-MARIE TENNYSON, in her individual and official capacities; RON PETERSON, in his individual and official capacities; SYLVIA RAWLINGS, in her individual and official capacities; CHUCK ROSEMOND, in his individual and official capacities; and DAN JUBA, in his individual and official capacities.

      Defendants.

---

### DEFENDANT ANNE-MARIE TENNYSON'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 8(a)(2) and 12(b)(6)

---

Defendant, **ANNE-MARIE TENNYSON**, through her undersigned counsel, **SGR, LLC**, respectfully moves to dismiss the Complaint against her pursuant to F.R.C.P. Rules 8(a)(2) and 12(b)(6).

**IN SUPPORT THEREOF**, Defendant states as follows:

### CERTIFICATION PURSUANT TO CIV. PRACTICE STANDARD 7.1B

Counsel for Defendant Tennyson certifies that they conferred with counsel for Mayo Thompson, et al. ("Plaintiff") on August 25, 2025. Plaintiff opposes the Motion.

1

I.    **INTRODUCTION**

This case arises from several incidents that allegedly took place at Steamboat Springs High School ("the School") during the 2022-2023 school year. Plaintiffs are parents of minor children with various developmental disabilities ("the Students"). The Complaint identifies the Students as "S.R.," "S.U.," "A.N.," and "C.B."[1] During the relevant timeframe, all the Students were enrolled in the Special Education ("SPED") program at the School. Due to the severity of their developmental disabilities, they attended school within a classroom set aside for students with "Significant Support Needs" ("SSN"). During their time in the SSN classroom, the Students were supervised by Defendants Sylvia Rawlings, Chuck Rosemond, and Dan Juba. Defendants Rosemond and Joba worked as SPED teachers. Defendant Rawlings worked as a paraprofessional.

Plaintiffs allege that Defendants Rosemond, Rawlings, and Juba were directly responsible for physically and verbally abusing the Students. For example, Plaintiffs allege that Defendant Rawlings had a habit of spinning S.R. around in her wheelchair, causing her "severe distress and terror." ECF No. 1 at ¶ 210. During one of these incidents, Plaintiffs claim that Defendant Rawlings knocked over S.R.'s wheelchair and caused S.R. to fall to the floor. *Id.* at ¶ 217. They also claim that all three Defendants "persistently subjected the Students to verbal abuse solely because of their disability status and non-verbal nature." *Id.* at ¶ 319. Additionally, Plaintiffs allege that Defendant Juba caused S.U. to sustain various physical injuries, for example, by dragging "S.U.

---

[1] S.R. allegedly suffers from spastic quadriplegic cerebral palsy. ECF No. 1 at ¶ 85. S.U. allegedly suffers from various physical and intellectual disabilities, including Angelman's syndrome. *Id.* at ¶ 95. A.N. allegedly suffers from cerebral palsy. *Id.* at ¶ 109. C.B. allegedly suffers from "intellectual and physical disabilities, including chromosomal duplication and autism spectrum disorder." *Id.* at ¶ 118.

across carpeted floors in the high school causing S.U. to suffer serious skin abrasions."
*Id.* at ¶ 281.

Plaintiffs do not allege that Defendant Tennyson was present during any of these alleged incidents. Nonetheless, they bring several claims that she bears liability for the Students' alleged injuries. Many of these claims are procedurally deficient. All of them are inadequately supported by the facts alleged in the Complaint. And none clear the bar presented by Defendant Tennyson's entitlement to qualified immunity.

## II.    STANDARD OF REVIEW

For a complaint to survive a Rule 12(b)(6) challenge, its factual allegations must be enough to raise its claims above the speculative level. In other words, it must provide a plausible basis for the relief it requests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

While well-pleaded *facts* should be accepted as true in the 12(b)(6) context, the court need not accept *conclusory allegations* as true. *Id.* at 678. Indeed, a complaint cannot rely on "naked assertion[s] devoid of further factual enhancement." *Id.* It must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, "the burden rests on the plaintiff[] to provide fair notice of the grounds for the claims made against each of the defendants;" to describe "what acts are attributable to whom;" and to "frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-50 (10th Cir. 1008). A complaint that does not do so does not state a plausible claim for relief.

Moreover, public officials are entitled to qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "[A] defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

To state a claim that a defendant violated a clearly established right, a plaintiff must first allege "a deprivation of an actual constitutional right." *Peterson v. Jensen*, 371 F.3d 1199, 1202 (10th Cir. 2004). The plaintiff must then indicate that the right was clearly established at the time of the alleged violation, i.e., that "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 639–40 (1987) (internal citations omitted). To show that a right is clearly established, plaintiffs must point to Supreme Court or Tenth Circuit precedent (or the clear weight of other circuit courts) that places "the statutory or constitutional question beyond debate." *Quinn v. Young*, 780 F.3d 998, 1005 (10th Cir. 2015). In short, "the dispositive question is whether the violative nature of the *particular conduct* is clearly established." *Aldaba v. Pickens*, 844 F.3d 870, 877 (10th Cir. 2016) (alterations in original).

### III.    <u>ARGUMENT</u>

#### A.  Plaintiffs' Claims Against Defendant Tennyson In Her Official Capacity Should Be Dismissed as a Matter of Judicial Economy.

Plaintiffs bring each of their claims against Defendant Tennyson in both her individual and official capacities. Claims brought against a government employee in her official capacity are functionally claims against her employer. *Brandon v. Holt*, 469 U.S. 464, 472 (1985); *Kentucky v. Graham,* 473 U.S. 159, 165 (1985). Thus, a plaintiff who

brings a claim against both a public employee and that employee's employer brings two identical claims against the employer. Such redundant claims are subject to dismissal. *See, e.g.*, *Doe v. Douglas Cnty. Sch. Dist. RE-1*, 775 F. Supp. 1414 (D. Colo. 1991) (noting that, where school district employee was sued in his official capacity, "dismissal of plaintiff's redundant claim [against the government official] is warranted as a matter of judicial economy and efficiency.").

At all relevant times, Defendant Tennyson was employed by Defendant Steamboat Springs School District ("Defendant SSSD"). ECF No. 1 at ¶ 68-69. Every claim Plaintiffs bring against Defendant Tennyson features Defendant SSSD as a co-defendant. *See id.* at pp. 40-43, 45, 47, 49, 51-53. Each time they bring claims against Defendant Tennyson in her official capacity, Plaintiffs effectively bring two identical claims against Defendant SSSD. In the interest of judicial economy and efficiency, the Court should dismiss all of Plaintiffs' official-capacity claims against Defendant Tennyson as redundant.

### B. Plaintiff Is Entitled to Qualified Immunity as to Plaintiffs' Individual-Capacity Claims.

Defendant Tennyson was a public official at the time of the events alleged in the Complaint. She is entitled to qualified immunity. None of the facts alleged in the Complaint overcome this hurdle. Plaintiffs do not plausibly allege that Defendant Tennyson violated any of the Students' constitutional rights. Even if they did, Plaintiffs do not allege that the violative nature of Defendant Tennyson's "particular conduct" was clearly established at the time of the violation. *Aldaba*, 844 F.3d at 877. As such, Plaintiffs' claims against Defendant Tennyson should be dismissed.

#### a. Plaintiffs Fail to State a Plausible Claim Against Defendant Tennyson for Violating Section 504 of the Rehabilitation Act, Title II of the ADA, and Title VI. (Claims 1, 2, and 7.)

Plaintiffs' First and Second Claims for Relief allege that Defendant Tennyson violated Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act. However, individuals are not subject to suit under either statute. *Montez v. Romer*, 32 F.Supp.2d 1235, 1241; *ISAAC BENAVIDEZ, Plaintiff, v. JANE GILDEN, & JESSICA KRUEGER, Defendants.*, No. 24-CV-01639-GPG-CYC, 2025 WL 2209747, at *5 (D. Colo. July 29, 2025) (compiling cases). Likewise, Plaintiffs' Seventh Claim for Relief is brought under Title VI. But as with the ADA and Rehabilitation Act, "[a] Title VI claim may be asserted against an entity that receives federal funding, but not against an individual." *Byrd v. Ind. Sch. Dist. No. 8 of Tulsa Cnty.*, No. 23-CV-00404-CDL, 2024 WL 4350800, at *6 n. 7 (N.D. Okla. Sept. 30, 2024) (compiling cases). For this reason alone, Plaintiffs' first, second, and seventh individual-capacity claims against Defendant Tennyson should be dismissed.

Even if these claims could be brought against Defendant Tennyson in her individual capacity, they are entirely bereft of factual content that would allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. The Complaint does not even directly mention Defendant Tennyson in connection with Plaintiffs' Rehabilitation Act claim. As to Plaintiffs' ADA claims, the Complaint simply alleges that Defendant Tennyson:

> failed to make reasonable accommodations for the Students by failing to train and supervise Defendant SSSD employees, including Defendant Rawlings, Rosemond, and Juba with regards to legitimate educational activities and proper wheelchair handling, resulting in child abuse rather than a helpful accommodation.

> ECF. No. 1 at ¶ 379.

And as to Plaintiffs' Title VI claims, the Complaint merely states:

> Defendant SSSD's intentional choice, through its final policymakers, to implement policies, customs, and practices that result in substantially different treatment of disabled students and students of color without a rational basis for doing so amounted to a violation of the Students' right to equal protection of the laws.

*Id.* at ¶ 438.

Standing alone, these statements are conclusory and do not "raise a right to relief above the speculative level." *Robbins*, 519 F.3d at 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555). In aggregate, Plaintiffs' claims consist only of the "[t]hreadbare recitals of the elements of a cause of action, supported by merely conclusory statements" that *Iqbal* found inadequate. *Iqbal*, 556 U.S. at 678.

Plaintiffs' claims would be implausible even without the protections of qualified immunity. But Defendant Tennyson is entitled to qualified immunity, and as discussed, Plaintiffs have not alleged that she committed a plausible statutory or constitutional violation. It is impossible to discern exactly what Plaintiffs accuse Defendant Tennyson of doing, much less whether the "violative nature of" her "particular conduct" was clearly established at the time of the alleged violation. *Aldaba*, 844 F.3d at 877.

In sum: Plaintiffs' first, second, and seventh individual-capacity claims against Defendant Tennyson cannot be brought against individuals. Plaintiffs fail to provide non-conclusory factual support for any of these claims. And Plaintiffs fail to meet the burden imposed upon them by qualified immunity. For any or all these reasons, each of these claims should be dismissed.

### b. Plaintiffs' § 1983 Claims Against Defendant Tennyson are Inadequately Pled. (Claims 3-6.)

Plaintiffs bring § 1983 claims against all Defendants for (1) conducting illegal seizures upon the Students in violation of the Fourth Amendment; (2) violating Plaintiffs'

and the students' Fourteenth Amendment substantive and procedural due process rights; and (3) violating the Fourteenth's Amendment's guarantee of equal protection under the law. Plaintiffs do not claim that Defendant Tennyson directly participated in any of these alleged violations. Rather, at various points, Plaintiffs allege that Defendant Tennyson failed to train and supervise the Defendants who *did* actively participate. *See, e.g.*, ECF No. 1 at ¶¶ 289 ("Upon information and belief, Defendant SSSD employees were never disciplined by Defendant SSSD, Wicks, Tennyson, or Peterson prior to the events occurring in May 2023 and thereafter."); 308 ("Defendants Juba, Rosemond, Tennyson, and Person had a duty to train and supervise other staff, paraprofessionals, and peer aids at [Steamboat Springs High School][.]"). In other words, each of Plaintiffs' Claims 3-6 are in effect claims for an alleged failure to train and supervise under § 1983.

As an initial matter, "complaints in § 1983 cases against individual government actors pose a greater likelihood of failures in notice and plausibility because they typically include complex claims against multiple defendants." *Robbins*, 519 F.3d at 1248. This gives the *Twombly* standard "greater bite […] appropriately reflecting the special interest in resolving the affirmative defense of qualified immunity at the earliest possible stage of a litigation." *Id.* at 1249 (internal quotations omitted).

"Failure to supervise and failure to train are treated the same in the Tenth Circuit." *Whitewater v. Goss,* 192 F. App'x. 794, 797 (10th Cir. 2006). To establish supervisory liability against Defendant Tennyson, Plaintiffs must show that she (1) promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation. *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). Plaintiffs must "plausibly allege more

8

than a supervisor's mere knowledge of his subordinate's conduct." *Pemberton v. Patton*, 673 F. App'x 860, 868 (10th Cir. 2016). The supervisor must have "played more than a passive role in the alleged constitutional violation" and must have "deliberately enforced or actively maintained the policies in question[.]" *Id.* (assessing motion to dismiss) (quoting *Dodds*, 614 F.3d at 1204). In short, she must have been, "through her deliberate conduct, […] the moving force behind the injury alleged." *A.B. ex rel. B.S. v. Adams-Arapahoe 28J Sch. Dist.*, 831 F. Supp. 2d 1226, 1245 (D. Colo. 2011). "Bare assertions" that a supervisor is responsible for unconstitutional policies "amount to nothing more than a formulaic recitation of the elements of a constitutional … claim […] [w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 869. (internal quotations omitted).

Plaintiffs allege only that Defendant Tennyson failed to act in response to her subordinates' behavior. *See, e.g.,* ECF No. 1 at ¶¶ 215, 257. In other words, she played no more than "a passive role in the alleged" constitutional violations. *Pemberton*, 673 F. App'x at 868. She was not "personally involved in promulgating, creating, or implementing any policies" or training that may have resulted in Plaintiffs' alleged injuries.[2] *Id.* Nor was she "through her deliberate conduct, […] the moving force behind the injur[ies] alleged." *A.B. ex rel B.S.*, 831 F.Supp.2d at 1245. For any or all of these reasons, the constitutional claims against Defendant Tennyson should be dismissed.

Additionally, the law is not clearly established as to the "violative nature" of

---

[2] In addition to being "bare assertions," *A.B. ex rel. B.S.*, 831 F. Supp. 2d at 1245, Plaintiff's allegations that Defendant Tennyson was involved in policies and training are conclusory and need not be accepted as factual. *Iqbal*, 556 U.S. at 678.

Defendant Tennyson's conduct. *See, e.g.*, *Birchfield v. Mulkey*, No. 24-CV-0256-CVE-JFJ, 2025 WL 1748066, at *6 (N.D. Okla. June 24, 2025) (finding that, in the wake of the Supreme Court's decision in *Ashcroft v. Iqbal*, the law with respect to the bounds of § 1983 supervisory liability is not clearly established). There is no analogous case law rendering "the contours of [Plaintiffs'] rights sufficiently clear" such that "a reasonable official would understand that what he is doing violates that right." *Anderson*, 483 U.S. at 639–40. In their Response to this Motion, Plaintiffs will not be able to meet their burden to demonstrate clearly established law. Accordingly, Plaintiffs' § 1983 claims against Defendant Tennyson should be dismissed.[3]

### c. Plaintiffs' § 1981 Claim is Inadequately Pled, and § 1981 Does Not Provide A Private Right of Action Against Defendant Tennyson. (Claim 8.)

Plaintiffs' eighth claim against Defendant Tennyson arises under 42 U.S.C. § 1981. This claim fails for three reasons. First, § 1981 does not provide a private right of action. Rather, "[t]he Supreme Court has made clear 42 U.S.C. § 1983 provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1134-1137 (10th Cir. 2006). Thus, "damages claims against state actors for § 1981 violations must be brought under § 1983." *Id.* at 1136. Here, state employees sued in their individual capacity are considered state actors. *Hannah v. Cowlishaw*, 628 F. App'x 629,

---

[3] Additionally, to the extent that Plaintiffs bring § 1983 claims on their own behalf for alleged violations of their children's rights, *see* ECF No. 1 at ¶¶ 400, 419, they do not have standing to do so. *I.G. by & through Grunspan v. Jefferson Cnty. Sch. Dist. through Bd. of Educ. for Jefferson Cnty. Sch. Dist.*, 452 F. Supp. 3d 989, 999 (D. Colo. 2020) (noting that parents "do not have standing to assert [§ 1983] claims on their own behalf for a violation of their child's rights.")

633 (10th Cir. 2016). Defendant Tennyson is a state employee and therefore a state actor. *Id.* Hence, at minimum, Plaintiffs' § 1981 claim should be dismissed to the extent that it seeks damages against Defendant Tennyson.

Even to the extent that Plaintiffs seek declaratory relief, their § 1981 claim is not colorable. "Section 1981 forbids all intentional racial discrimination in the making or enforcement of private or public contracts." *Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1134 (10th Cir. 2004). Accordingly, the Supreme Court has found that "any § 1981 claim […] must initially identify an impaired contractual relationship under which the plaintiff has rights […] nothing in the text of § 1981 suggests that it was meant to provide an omnibus remedy for *all* racial injustice." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476-479 (2006) (alterations in original) (internal citations omitted); *see also Muller v. Islands at Rio Rancho Homeowners Ass'n*, 564 F. App'x 411, 414 (10th Cir. 2014) (dismissing complaint that did "not, as it must, identify an impaired contractual relationship or even allege a contractual relationship[.]"). Plaintiffs identify neither an impaired contractual relationship nor the rights to which the Students were supposedly entitled.

Third, Defendant Tennyson is entitled to qualified immunity. Plaintiffs neither plead a plausible constitutional violation nor assert actions on Ms. Tennyson's part that violated clearly established law. There are no analogous cases in the Tenth Circuit or elsewhere placing "the statutory […] question beyond debate" regarding Plaintiff's § 1981 claim against Defendant Tennyson. *Quinn v. Young*, 780 F.3d 998, 1005 (10th Cir. 2015). As such, even if Plaintiff's § 1981 claim were adequately pled, it would fail to clear the bar presented by qualified immunity and should be dismissed.

### d. Plaintiffs Have Not Stated a Plausible Claim that Defendant Tennyson Violated 42 U.S.C. §§ 1985-1986. (Claim 9.)

Neither § 1985 nor § 1986 permit Plaintiffs to bring claims against Defendant Tennyson. First, Plaintiffs do not have standing to bring a § 1985 claim on the Students' behalf. Plaintiffs allege only that Defendant Tennyson violated S.R.'s rights under § 1985. ECF No. 1 at ¶¶ 469-74. They do not allege that Defendant Tennyson violated any of Plaintiffs' rights, and § 1985 claims cannot be transferred between individuals. *O'Connor v. St. John's Coll.*, 290 F. App'x 137, 141 (10th Cir. 2008). Because § 1986 claims depend "on the existence of a valid claim under § 1985," and there is no such valid claim here, Plaintiff's § 1986 claim should be dismissed. *Wright v. No Skiter Inc.*, 774 F.2d 422, 426 (10th Cir.1985).

Even if Plaintiffs did have standing, they would not have adequately pled that Defendant Tennyson violated § 1985. To bring a claim under 42 U.S.C. § 1986, plaintiffs must first establish the existence of a conspiracy under 42 U.S.C. § 1985(3). *Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984). "The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). "For a conspiracy to exist, there must be a meeting of the minds of the conspirators regarding the general conspiratorial objective[.]" *Ganzy on behalf of J.G. v. Douglas Cnty. Sch. Dist. RE-1*, 744 F. Supp. 3d 1187, 1193 (D. Colo. 2024) (internal quotations omitted). Once the existence of a conspiracy is alleged, Plaintiffs must additionally show "(1) the defendant had knowledge of the conspiracy, (2) the defendant had the power to prevent or aid in preventing the commission of a violation of § 1985, (3) the defendant neglected or refused to prevent the violation, and (4) a violation of § 1985 occurred." *Id.*

Plaintiffs claim that "Defendants SSSD, Wicks, Tennyson, and Peterson had knowledge of Defendant Rawlings' racial discrimination." ECF No. 1 at ¶ 468. They further allege that the Defendants

> had power to prevent or aid in the prevention of such racial discrimination but failed to discipline Defendant Rawlings […] [t]he actions and inactions of Defendants SSSD, Wicks, Tennyson, and Peterson amount to a deprivation of S.R.'s rights under 42 U.S.C. § 1985 […] [and] a conspiracy to deprive her of her rights within the meaning of 42 U.S.C. § 1986.

> *Id*. at ¶¶ 469-470.

This is exactly the sort of "threadbare recital of the elements of a cause of action" contemplated by *Iqbal*. 556 U.S. at 678. Beyond these conclusory allegations, there is no indication that Ms. Tennyson knew of the alleged conspiracy. Moreover, there is no indication of any "meeting of the minds" involving Ms. Tennyson or any other alleged conspirators.

In any event, Plaintiffs' § 1986 claims are untimely. The statute of limitations for § 1986 is one year after the cause of action accrues. 42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."). The Complaint revolves around events that allegedly took place during the 2022-2023 school year. ECF No. 1 at ¶ 57. Plaintiffs did not file suit until January 29, 2025, approximately two years after the events alleged in the Complaint.

Finally, Plaintiffs' § 1986 claim does not clear the hurdle presented by Defendant Tennyson's qualified immunity. The law in the Tenth Circuit is not clearly established as to the violative nature of Defendant Tennyson's conduct. Accordingly, Plaintiffs' § 1986 claim against Defendant Tennyson should be dismissed.

**C. Plaintiffs' Factual Allegations Against Defendant Tennyson Fail to Give Fair Notice as to the Nature of the Claims Against Her.**

A complaint against multiple governmental defendants must "isolate the allegedly unconstitutional acts of each defendant" to "provide adequate notice as to the nature of the claims against each." *Robbins*, 519 F.3d at 1250. In *Robbins*, this meant that "a list of the defendants named individually but with no distinction as to what acts are attributable to whom" made it impossible for "any of these individuals to ascertain what particular unconstitutional acts they [were] alleged to have committed." *Id.*

Only one of Plaintiffs' allegations against Defendant Tennyson lists her individually. Plaintiffs speculate that "[u]pon information and belief, Defendant Tennyson explicitly approved Defendants Rosemond and Juba's request to not toilet the Students or other students in the SSN classroom[.]" ECF No. 1 at ¶ 193. Aside from being speculative, this claim is the only one of its kind in the entire Complaint. In every other instance, the Complaint either refers to Defendant Tennyson as one of multiple named Defendants or refers to her indirectly as one of several "final policymakers." *See, e.g.*, *id.* at ¶¶ 65-66 (naming Defendants Wicks, Tennyson, and Peterson as final policymakers for Defendant SSSD); 148 ("Defendants Wicks, Tennyson, and Peterson never publicly reprimanded Defendant Rawlings or reported her conduct to the authorities[.]"); 215 ("Upon information and belief, Defendant Rawlings was never disciplined by Defendant SSSD, Wicks, Tennyson, or Peterson prior to the events on January 31, 2023."). Plaintiffs leave Defendant Tennyson "without notice as to what particular actions are alleged as grounds for their liability as supervisors who approved, authorized, or ratified unconstitutional action by their inferiors." *Robbins*, 519 F.3d at 1253. "[W]ithout more specificity, plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* at 1252.

**WHEREFORE**, Defendant Tennyson respectfully requests that this Court dismiss the Complaint against her with prejudice and grant such further and other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Courtney B. Kramer*
**Courtney B. Kramer**

*/s/ Bennett M. Harrell*
**Bennett M. Harrell**

**SGR, LLC**
3900 East Mexico Ave., Suite 700
Denver, CO 80210
T: 303-320-0509
Email: ckramer@sgrllc.com
        bharrell@sgrllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 5th day of September, 2025, I electronically filed a true and correct copy of the above and foregoing **DEFENDANT ANNE-MARIE TENNYSON'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 8(a)(2) and 12(b)(6)** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Jessica L. Breuer, jbreuer@burgsimpson.com
*Attorneys for Plaintiffs*

Caroline G. Gecker, cgecker@celaw.com
Elliot V. Hood, ehood@celaw.com
Gwyneth Whalen, gwhalen@celaw.com
*Attorneys for Steamboat Springs School District RE-2, Dr. Celine Wicks, Ron Peterson, Chuck Rosemond, and Dan Juba*

Catherine A. Tallerico, ctallerico@lyonsgaddis.com
*Attorneys for Defendant Sylvia Rawlings*

/s/ *Laurie O'Neill*
Legal Secretary