# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00315-CNS-SBP

MAYO THOMPSON, individually, and on behalf of S.R., a minor; CANDY GRANGER, individually, and on behalf of S.U., a minor; HEATHRE NAUSED, individually, and on behalf of A.N., a minor; ERIC BENDER and AMY BENDER, individually, and as husband and wife, on behalf of C.B., a minor.

    Plaintiffs,

v.

STEAMBOAT SPRINGS SCHOOL DISTRICT RE-2, a municipal entity; CELINE WICKS, in her individual and official capacities; ANNE-MARIE TENNYSON, in her individual and official capacities; RON PETERSON, in his individual and official capacities; SYLVIA RAWLINGS, in her individual and official capacities; CHUCK ROSEMOND, in his individual and official capacities; and DAN JUBA, in his individual and official capacities.

    Defendants.

**PLAINTIFFS' RESPONSE TO DEFENDANT SYLVIA RAWLINGS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

COMES NOW, Plaintiffs Mayo Thompson, individually and on behalf of S.R., a minor, Candy Granger, individually and on behalf of S.U., a minor, Heathre Naused, individually and on behalf of A.N., a minor, Eric Bender and Amy Bender, as individuals and as husband and wife on behalf of C.B., a minor, by and through counsel, Burg Simpson Eldredge Hersh & Jardine, P.C., respectfully submits this *Response To Defendant Sylvia Rawlings' Motion To Dismiss Plaintiffs' Complaint Pursuant To Fed. R. Civ. P. 12(b)(6)*. In support thereof, Plaintiffs state as follows:

## INTRODUCTION

This case arises from the systemic abuse of some of the most vulnerable students in our community—non-verbal, disabled children—by the Steamboat Springs School

District ("SSSD") and its employees, including Defendant Sylvia Rawlings. Rather than protecting these children, Defendants exploited their profound disabilities, deliberately targeting those least able to defend themselves or report mistreatment.

The Complaint sets forth only a portion of the misconduct that occurred, but even this limited snapshot exposes a shocking pattern of cruelty and lawlessness. Defendant Rawlings—a paraprofessional entrusted with the care of children, but who, under color of state law used her position to abuse them—committed acts of harm that cannot be minimized or excused. Her conduct included physically abusing S.R.; flipping S.R. from her wheelchair; violently spinning S.R. while she screamed in distress; openly advocating that children with disabilities should be aborted; repeatedly calling S.R. a "monkey"; and intentionally denying toileting assistance.

Such acts are not merely inappropriate—they are dehumanizing and conscience-shocking. They strike at the core of the Constitution's protections and federal civil-rights statutes designed to prevent exactly this type of abuse of power. Defendant Rawlings' conduct epitomizes the outrageous and discriminatory behavior that these laws were enacted to redress, and it demonstrates a deliberate indifference to human dignity and to the rights of children with disabilities.

Plaintiffs' Complaint contains detailed factual allegations which, accepted as true, easily satisfy the plausibility standard under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Notably, Defendant Rawlings does not dispute the sufficiency of Plaintiffs' Sixth and Ninth Claims for Relief. And her Motion to Dismiss Plaintiffs' Fourth and Fifth Claims for Relief mischaracterizes the essence of Plaintiffs' allegations—that Defendant Rawlings, acting under color of state law, directly

2

inflicted physical, emotional, and racial abuse on disabled children in violation of clearly established constitutional rights.

Defendant Rawlings further seeks dismissal on procedural grounds, asserting that Plaintiffs' individual-capacity claims cannot proceed under certain federal anti-discrimination statutes. Plaintiffs acknowledge that Claims One, Two, and Seven—brought under Section 504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act, and Title VI—are not viable against Rawlings in her personal capacity. Accordingly, Plaintiffs do not contest that issue. These claims, however, are properly asserted against Rawlings in her official capacity, the capacity in which Plaintiffs have sued her. Similarly, while the heading of Plaintiffs' Eighth Claim for Relief presently cites 42 U.S.C. § 1981, the factual allegations plainly state a valid claim under 42 U.S.C. § 1983 for race-based equal protection violations. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989).

To the extent clarification is necessary, Plaintiffs respectfully request leave to amend Claims One, Two, Seven, and Eight under Fed. R. Civ. P. 15(a)(2) for the limited purpose of making these minor clarifications. As to Plaintiffs' Fourth and Fifth Claims for Relief, Defendant Rawlings' Motion to Dismiss must be denied. To hold otherwise would not only disregard well-pleaded allegations that satisfy the governing legal standard, but would also effectively insulate egregious constitutional violations against disabled children from judicial scrutiny. The law does not, and must not, permit such a result.

## **ARGUMENT AND AUTHORITY**

I.   **Standard of Review**

Dismissal of an action prior to permitting the parties to engage in discovery and develop a greater understanding of the facts and circumstances surrounding the issues "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Duran v. Carris*, 238 F.3d 1268, 1270 (10th Cir. 2001)(quotation omitted). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012)(internal quotations omitted). A claim for relief is plausible when the plaintiff pleads facts adequate to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Federal Rules of Civil Procedure "erect a powerful presumption against rejecting pleadings for failure to state a claim," making Plaintiff's burden at the pleading stage relatively light. *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989). Federal Rule of Civil Procedure 8(a) merely requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8. Further, when reviewing a motion to dismiss, the court must: (1) incorporate the "powerful presumption" against rejecting pleadings for failure to state a claim, (2) accept all allegations in the complaint as true, and (3) draw all reasonable inferences in favor of the nonmoving party. *Cayman Exploration Corp.*, 878 F.2d at 1359; *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

II.   **DEFENDANT RAWLINGS FAILS TO STATE GROUNDS FOR DISMISSAL OF PLAINTIFFS' CONSTITUTIONAL AND CIVIL RIGHTS CLAIMS.**

4

**A. Plaintiffs Have Properly Alleged Individual Liability and Personal Participation Against Defendant Rawlings Under 42 U.S.C. § 1983.**

Defendant's core argument—that she cannot be sued individually under various federal statutes—fundamentally misunderstands both the nature of constitutional liability and the well-established right of students to be free from abuse by school personnel. While this case includes claims against Steamboat Springs School District for failures and supervisory liability, the claims against Defendant Rawlings are based on her direct, personal misconduct as she personally subjected disabled students to physical abuse and racial harassment. Section 1983 creates individual liability for any person who, acting under color of state law, violates another's constitutional rights. *Monroe v. Pape*, 365 U.S. 167, 171-72 (1961). As a paraprofessional acting within her official duties, Rawlings satisfies this standard. *West v. Atkins*, 487 U.S. 42, 50 (1988).

*1. Individual School Employees Are Subject to § 1983 Liability for Constitutional Violations.*

Individual school employees are subject to § 1983 liability for constitutional violations when they personally participate in the alleged misconduct. *See Garcia v. Miera*, 817 F.2d 650, 652 (10th Cir. 1987) (permitting § 1983 claims against school officials in their individual capacities and reversing summary judgment where school officials severely paddled a nine-year-old student). This principle applies broadly to government abuse of vulnerable individuals, whether through excessive force, deliberate indifference to safety and dignity, or discriminatory treatment based on race or disability.

The case of *Gerks v. Deathe* illustrates this principle. There, a district court denied summary judgment on substantive due process claims brought against a teacher in her individual capacity. The teacher had forced a mentally handicapped student—who

functioned at the developmental level of a four-year-old and had a well-documented fear of bathrooms—to remain alone in a bathroom for nearly two hours to clean up excrement she had left on the floor. 832 F. Supp. 1450, 1454 (W.D. Okla. 1993). The teacher physically restrained the child by tying the bathroom door shut with a ribbon, trapping her in the very place she feared. *Id.* at 1452-54. The court rejected any suggestion that this conduct could be excused as discipline, holding that "a rational jury could find that [the teacher's] actions were so demeaning and harmful to [the student] that they might have violated her substantive due process rights." *Id.* at 1454. *Gerks* confirms that teachers cannot shield themselves from § 1983 liability by recasting conscience-shocking abuse as school discipline. When a teacher's personal actions cross the constitutional threshold, individual liability attaches regardless of any claimed educational justification.

The constitutional violations at issue here are no less grave. They extend beyond physical abuse to include deliberate indifference to basic human dignity and racially motivated harassment—conduct that independently violates the Equal Protection Clause and substantive due process rights of vulnerable students. Plaintiffs' allegations, taken as true, establish more than sufficient grounds for personal liability against Defendant Rawlings in her individual capacity for her egregious and unlawful treatment of Plaintiffs.

### 2. The Complaint Alleges Extensive Personal Participation by Defendant Rawlings

Defendant's confusion about supervisory authority conflates different theories of liability. Individual capacity claims under § 1983 require only personal participation in constitutional violations, which is extensively alleged here. Defendant's reliance on *Medina v. City & County of Denver* actually supports Plaintiffs' position, as that case confirms that an individual defendant can be liable under § 1983 for acting with at least

6

reckless intent, when the defendant's conduct was directed towards the plaintiff, or a specifically definable group that includes the plaintiff, in violation of clearly established statutory or constitutional rights. 960 F.2d 1493, 1496 (10th Cir. 1992). The Complaint specifically alleges that Defendant Rawlings personally:

(1) Flipped S.R.'s wheelchair, causing her to land face-first on the gymnasium floor and suffer a concussion (¶¶ 216-218, 238);

(2) Repeatedly spun S.R. violently in her wheelchair while S.R. screamed in distress (¶¶ 210, 244);

(3) Called S.R. a "monkey" on multiple occasions (¶ 355);

(4) Failed to provide required toileting assistance to vulnerable students (¶¶ 186-189);

(5) Made statements that disabled children "should have been aborted" (¶ 153).

Accepting these allegations as true, this conduct is not only conscience-shocking but also squarely within the realm of abuse recognized in *Garcia v. Miera* and similar cases as a violation of clearly established constitutional protections. 817 F.2d 650 (10th Cir. 1987). These allegations show that Defendant Rawlings acted with reckless disregard of the substantial risks to Plaintiffs' health and safety, despite Plaintiffs being some of the most vulnerable members of society. At a minimum, the Complaint raises factual issues not properly resolved on a motion to dismiss. Because Plaintiffs have plausibly alleged that Defendant Rawlings engaged in conscience-shocking conduct that violates the long-standing, clearly established rights of students to be free from abuse by school personnel, her motion to dismiss must be denied.

7

**B. Plaintiffs Have Plausibly Alleged Race Discrimination.**

*1. Plaintiffs May Pursue § 1981 Rights Violations Against Rawlings via § 1983*

Defendant Rawlings contends that Plaintiffs cannot maintain a race discrimination claim against her directly under 42 U.S.C. § 1981. While it is true that § 1981 itself does not provide a direct cause of action against individual state actors, the Supreme Court has clearly established that such claims may be pursued through 42 U.S.C. § 1983, which imposes individual liability on persons acting under color of state law for violations of federally protected rights. See *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989).

As a public-school employee acting within the scope of her official duties, Rawlings was unquestionably acting under color of state law when she subjected S.R. to racially motivated abuse, rendering her liable under § 1983. See *Monroe v. Pape*, 365 U.S. 167, 171–72 (1961). Furthermore, public employees are not immune from individual liability for such misconduct when sued in their personal capacities under § 1983. *Hafer v. Melo*, 502 U.S. 21, 30–31 (1991).

*2. The Complaint More Than Satisfies Comcast's But-For Causation Standard*

Defendant's argument that the complaint lacks "but-for" causation under *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 589 U.S. 327 (2020), fundamentally mischaracterizes both the *Comcast* standard and the allegations in the Complaint. *Comcast* did not impose a heightened pleading standard—it reaffirmed that a complaint must plausibly allege, but not prove, that race was the determinative factor in the adverse treatment.

The Complaint easily satisfies this standard. Rawlings repeatedly called S.R. a "monkey"—an unambiguously racial slur with undeniable derogatory connotations—while

8

subjecting her to severe physical abuse not inflicted on white students. *See* Complaint ¶¶ 355-377. This is not conclusory pleading or "naked assertions." These are specific, detailed allegations of racially motivated conduct that demonstrate S.R.'s race was a "but-for" cause of her discriminatory treatment. The racial slurs alone establish that this particular abuse would not have occurred absent S.R.'s race.

Defendant characterizes the racial slur allegations as "conclusory," but this misrepresents both the factual allegations and the legal standard. Courts have repeatedly found the term "monkey" to be an unambiguous racial slur in the context of § 1981 claims. *See, e.g., Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 185 (4th Cir. 2001) (finding repeated use of "monkey" and similar slurs constituted direct evidence of racial animus); *Green v. Franklin Nat'l Bank*, 459 F.3d 903, 911 (8th Cir. 2006) (stating the use of the term "monkey" and other similar words have been part of actionable racial harassment claims across the country.)). The use of such language, combined with physical abuse and systemic neglect, cannot plausibly be explained by anything other than race-based animus.

The Supreme Court in *Comcast* did not require direct evidence of discriminatory intent at the pleading stage, only that the complaint plausibly allege race was a "but-for" cause. 589 U.S. at 333. The Complaint alleges specific instances where Rawlings called S.R. a "monkey" while engaging in physical abuse—this provides the temporal and contextual connection required under *Comcast*. Here, no reasonable inference exists that Rawlings would have used the specific term "monkey" absent S.R.'s race. This direct evidence of racial animus, combined with the pattern of physical abuse, easily satisfies *Comcast*'s but-for standard.

9

### 3. Amendment Would Cure Any Perceived Technical Pleading Deficiency

Rather than dismiss with prejudice, Plaintiffs respectfully request leave to amend under Fed. R. Civ. P. 15(a)(2) to recast this as a § 1983 claim for violation of § 1981 rights. The amended pleading would clarify that Defendant, acting under color of state law, deprived Plaintiff of rights secured by § 1981, in violation of § 1983.

While the current pleading may be deficient in its statutory labeling, Plaintiffs have alleged all the elements necessary for a viable § 1983 claim based on Defendant Rawlings violation of § 1981 rights including:

(1) **State Action**: Defendant was acting under color of state law as a public-school employee;

(2) **Deprivation of Federal Rights**: Defendant violated Plaintiffs § 1981 right to be free from race discrimination; and

(3) **Causation**: The discriminatory conduct was motivated by racial animus.

This is not a substantive change to the claim—it's a correction of the statutory vehicle. The factual allegations remain identical, and Plaintiffs have adequately pled all elements of a viable § 1983 claim. Fed. R. Civ. P. 8 requires only "a short and plain statement," and substance governs over form. Therefore the § 1981 rights violations claim can be asserted via § 1983 and is legally and factually plausible.

### C. Parents Have Standing to Assert Constitutional Claims on Behalf of Their Children

Defendants mischaracterize the nature of Plaintiffs' claims by conflating parents' individual claims with their representative capacity claims brought on behalf of their minor, disabled children. The critical distinction lies in understanding when parents sue "individually" versus when they sue as representatives of their children's rights.

Federal courts consistently recognize "individually and on behalf of" caption language as standard practice that establishes parental representative standing without creating separate individual claims. The case caption clearly establishes that parents are suing in two distinct capacities, *e.g.*: "MAYO THOMPSON, individually, and **on behalf of** S.R., a minor; CANDY GRANGER, individually, and **on behalf of** S.U., a minor" (emphasis added). This dual capacity language is standard in civil rights litigation involving minors and does not transform representative claims into individual parental claims. The caption language follows standard federal pleading practice under Federal Rule of Civil Procedure 17(c)(1). When multiple parents bring representative claims, each must be identified "individually" to establish their separate legal capacity to sue, while the phrase "on behalf of" clarifies that they are asserting their children's rights, not their own.

Further Defendant's reliance on *I.G. ex rel. Grunspan v. Jefferson County School District*, 452 F. Supp. 3d 989 (D. Colo. 2020), is misplaced. *I.G.* involved parents asserting purely derivative claims based on educational discrimination against their child. The court specifically noted that the parents' claims were "derivative" of the child's educational rights under Title VI and § 1983. *Id.* at 998. The district court found that the father did not have prudential standing to bring these claims because courts have consistently held that parents are not the intended beneficiaries of school programs and therefore cannot assert Title VI claims on their own behalf, and because a plaintiff cannot bring a § 1983 claim that is derivative of another's § 1983 claim. *Id.* at 998.

Here, the parents assert constitutional injuries arising from state actors' abuse of their disabled children while under state supervision—a fundamentally different legal framework involving conscience-shocking conduct that violates both children's

11

substantive due process rights and parents' fundamental liberty interests in protecting their children from government harm. Even if some parental claims were deemed derivative, the parents have clear standing to sue on behalf of their disabled, minor children who cannot advocate for themselves. *See Sutherlin v. Indep. Sch. Dist. No. 40*, 960 F. Supp. 2d 1254, 1259 (N.D. Okla. 2013) (parents successfully sued individually and on behalf of their disabled child with Asperger's Disorder for school district's failure to address disability-based harassment); *see also Ganzy v. Douglas Cnty. Sch. Dist. RE-1*, 744 F. Supp. 3d 1187 (2024) (The court allowed parents § 1983 claims alleging racial discrimination in education to proceed, finding sufficient allegations of constitutional violations.). The students here are not only disabled but are also non-verbal, clearly making parental advocacy essential for vindicating their constitutional rights.

## CONCLUSION

Defendant Rawlings seeks immunity from the most basic principle of constitutional law: that state actors who personally violate constitutional rights face individual accountability. This Court should reject Defendant's attempt to escape responsibility for her personal abuse of vulnerable children and deny the motion to dismiss the constitutional claims that form the heart of this case. If, however, the Court determines that Plaintiffs have not met the plausibility standard for these claims, Plaintiffs respectfully request leave to amend their complaint pursuant to Fed. R. Civ. P. 15(a)(2).

With respect to Claims One, Two, Seven, and Eight, Plaintiffs likewise request, to the extent the Court finds clarification necessary, leave to amend.

Respectfully submitted,

**BURG SIMPSON**

**ELDREDGE HERSH & JARDINE, P.C.**

/s/ Jessica L. Breuer
Jessica L. Breuer, Esq.
40 Inverness Drive East
Englewood, CO 80112
Phone: (303) 792-5595
Fax: (303) 708-0527
jbreuer@burgsimpson.com
*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

This is to certify that on September 5th, 2025 a true and correct copy of the foregoing was filed with the U.S. District Court of Colorado CM/ECF System which will notify the following:

CAPLAN AND EARNEST LLC
Gwyneth Whalen
Elliott V. Hood
Caroline G. Gecker
3107 Iris Ave, Ste 100
Boulder, CO 80301
303-443-8010
gwhalen@celaw.com
ehood@celaw.com
cgecker@celaw.com
*Attorneys for the School District Defendants*

Lyons Gaddis, PC
Catherine A. Tallerico
PO Box 978
515 Kimbark St.
Longmont, CO 80502
303-776-9900
ctallerico@lyonsgaddis.com
*Attorney for Defendant Sylvia Rawling*

SGR, LLC
Courtney B. Kramer
3900 East Mexico Ave., Suite 700
Denver, CO 80210
303-320-0509
Email: ckramer@sgrllc.com
*Attorney for Defendant Anne-Marie Tennyson*