**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-CV-315-CNS-SBP

MAYO THOMPSON, individually, and on behalf of S.R., a minor; CANDY GRANGER, individually, and on behalf of S.U., a minor; HEATHRE NAUSED, individually, and on behalf of A.N., a minor; ERIC BENDER and AMY BENDER, individually, and as husband and wife, on behalf of C.B., a minor,

    Plaintiffs,

v.

STEAMBOAT SPRINGS SCHOOL DISTRICT RE-2, a municipal entity; CELINE WICKS, in her individual and official capacities; ANNE-MARIE TENNYSON, in her individual and official capacities; RON PETERSON, in his individual and official capacities; SYLVIA RAWLINGS, in her individual and official capacities; CHUCK ROSEMOND, in his individual and official capacities; and DAN JUBA, in his individual and official capacities,

    Defendants.

---

**DEFENDANTS' MOTION TO STAY DISCOVERY**

---

Defendants, **ANNE-MARIE TENNYSON**, in her individual and official capacities; **STEAMBOAT SPRINGS SCHOOL DISTRICT RE-2**, a municipal entity; **RON PETERSON**, in his individual and official capacities; **SYLVIA RAWLINGS**, in her individual and official capacities; **CELINE WICKS**, in her individual and official capacities; **CHUCK ROSEMOND**, in his individual and official capacities; and **DAN JUBA**, in his individual and official capacities, (collectively "Defendants"), through counsel and pursuant to Fed. R. Civ. P. 26(c), move for an Order staying discovery and further proceedings pending resolution of their dispositive motions.

**STATEMENT OF CONFERRAL**

Pursuant to D.C.COLO.LCiv.R 7.1(a), and the Court's Civil Practice Standards, counsel for the parties have conferred on these matters. Specifically, Defendants began conferral efforts on September 22, 2025 followed by multiple subsequent emails in follow up. On October 7, 2025, Plaintiffs' counsel advised that Plaintiffs oppose this Motion.

## I. INTRODUCTION

This case arises from several incidents that allegedly took place at Steamboat Springs High School ("the School") during the 2022-2023 school year. Plaintiffs are parents of minor children with various developmental disabilities ("the Students"). During the relevant timeframe, all the Students were enrolled in the Special Education program at the School and received special education and related services within the Schools' Significant Support Needs (SSN) classroom.

Plaintiffs allege that Defendants Rosemond, Rawlings, and Juba were directly responsible for physically and verbally abusing the Students. Plaintiffs further allege that Defendants Peterson, Tennyson, Wicks, and Steamboat Springs School District failed to train and supervise Defendants Rosemond, Rawlings, and Juba, and were otherwise liable for their alleged conduct.

All Defendants have moved to dismiss multiple claims against them under Fᴇᴅ. R. Cɪᴠ. P. 8(a)(2), 12(b)(1), and 12(b)(6).[1] *See* ECF Nos. 28, 41, and 43. In so doing, each

---

[1] Defendants Tennyson, Wicks, Peterson, Rosemond, and Juba have moved to dismiss all claims against them. Defendants Steamboat Springs School District and Rawlings have filed partial Motions to Dismiss.

2

Defendant has challenged the plausibility of Plaintiffs' claims and noted various procedural issues with Plaintiffs' Complaint. Additionally, Defendant Tennyson has asserted qualified immunity as to all individual-capacity claims against her, and Defendants, Wicks, Peterson, Rosemond, and Juba (together with Defendant Tennyson "the Individual Defendants") have asserted qualified immunity as to all constitutional claims against them. All Individual Defendants, including Ms. Rawlings, have further moved to dismiss statutory claims that Defendants argue cannot be asserted against individuals, including claims under Section 504, the Americans with Disabilities Act, and Title VI of the Civil Rights Act. No additional discovery is needed for Plaintiffs to respond to the Motions to Dismiss, as each is entirely or nearly entirely grounded in legal arguments based on the facts alleged in the Complaint.[2] Should the Court grant the dispositive motions in full, all Individual Defendants save Defendant Rawlings will be dismissed. Because the scope and attendant expense of this case could be drastically reduced by the pending Motions to Dismiss, Defendants respectfully request that discovery in this case be stayed pending the Court's rulings on same.

## II.   ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In

---

[2] To the extent that the School District Defendants' Partial Motion to Dismiss, ECF No. 41, relies upon information from outside the bounds of the Complaint, that information has already been provided to Plaintiffs. *See* ECF Nos. 42 and 45. No additional discovery is required.

general, a stay is warranted upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004). A stay is also warranted when a dispositive motion is pending and is particularly appropriate where immunity issues have been raised. *See Vivid Techs., Inc. v. A.M. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("[W]hen a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Burkitt v. Pomeroy*, 2016 WL 696107, at *1 (D. Colo. Feb. 22, 2016) ("Questions of [qualified] immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties."); *Grobecker v. Grundy*, 2013 WL 6466183, at *2 (D. Colo. Dec. 9, 2013) (holding same).

In evaluating a request for a stay, courts consider: (1) a plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay, (2) the burden on the defendants, (3) the court's convenience, (4) the interests of non-parties, and (5) the public interest. *See Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 100 F. Supp. 3d 1099, 1104–05 (D. Colo. 2015) (citing *String Cheese Incident, LLC v. Stylus Show, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)). As demonstrated below, the "*String Cheese* factors" favor a stay.

### A. THE RELATIVE INTERESTS OF THE PARTIES FAVOR A STAY (FACTORS 1 & 2)

The Court must first balance Plaintiffs' desire to proceed expeditiously with the case against the attendant burdens on the Defendants. *See Rainey v. Thorstad*, 2012 WL 5931743, at *1 (D. Colo. Aug. 14, 2012). Here, the burden on the Defendants

4

outweighs Plaintiffs' interests in proceeding forward, particularly when considering the Individual Defendants' assertion of qualified immunity and the fact that all individually named Defendants have moved to dismiss statutory claims based on lack of jurisdiction.

First, Plaintiffs can show nothing but a "general" interest in proceeding expeditiously with this case, an interest shared by "virtually all plaintiffs" that cannot, on its own, justify proceeding forward under these circumstances. *Edwards v. Zenimax Media, Inc.*, 2012 WL 18098, at *2 (D. Colo. May 17, 2012) (finding the first factor "weighs in favor of a stay of discovery" when the plaintiff feared prejudice due to "stale or missing evidence, unavailable and destroyed documents, increasingly unavailable or uninformed witnesses, and unmanageably short discovery deadlines."). Moreover, any fears over fading witness memories are unfounded, given the copious records, reports, and other documentation related to this incident, many of which have already been exchanged among the parties.

As for the Defendants' burden, it will be significant. During discovery, Plaintiffs will likely seek the production of voluminous records, to include policy documents, personnel files, internal correspondence, documentation related to prior cases and more, in an attempt to support their *Monell* and supervisory liability claims. These documents will no doubt equate to thousands of pages, requiring a substantial investment of time and resources by various public officials in locating, compiling, and preparing these materials for production. Plaintiffs will also seek to depose the individual Defendants and various other public officials and personnel regarding their claims. This will remove these individuals from their normal duties and require the expenditure of substantial time and

5

resources in preparing for and testifying on these issues. Such expenditure on defending these claims will be burdensome and may be wasteful should the Court grant the Motions to Dismiss. Defendant Steamboat Springs School District's non-party representatives and the Individual Defendants are public officials whose "time is better spent performing their job duties, rather than participating in discovery that may end up being unnecessary." *Martinez v. Caggiano*, 2020 WL 8366140, at *2 (D. Colo. June 8, 2020) (internal quotations omitted). As in *Martinez*, the parties' relative interests favor a stay because the Defendants have asserted defenses "predicated purely on questions of law." *Id.* (citing *Al-Turki v. Tomsic*, 2015 WL 8758745, at *2 (D. Colo. Dec. 15, 2015)).

Moreover, as the Supreme Court has noted, "[o]ne of the purposes of immunity, absolute or qualified, is to spare a defendant not only [from] unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). Officials who assert immunity are entitled to have that issue determined as a matter of law before incurring the burdens of litigation associated with discovery and trial. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("The entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, [qualified immunity] is effectively lost if a case is erroneously permitted to [proceed]."). This is especially true where, as here, a determination on the pleadings could be "dispositive." *See Johnson v. Fankell*, 520 U.S. 911, 915 n.2 (1997) ("[W]hen a case can be dismissed on the pleadings or in an early pretrial stage, qualified immunity also provides officials with the valuable protections from the burdens of broad-reaching discovery.") (quoting *Harlow v. Fitzgerald*, 457 U.S. 800,

6

818 (1982)). As the Supreme Court further explained in *Ashcroft v. Iqbal*, there is a strong basis for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.

556 U.S. 662, 685 (2009). Ultimately, "[w]hen a plaintiff files a complaint against a public official alleging a claim that requires proof of wrongful motive, the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597–98 (1998). Where a defendant asserts qualified immunity, "the district court should resolve that threshold question before permitting discovery." *Id.* at 598.

A complete stay of discovery is also appropriate even though the *Monell* claims are not subject to qualified immunity. Indeed, "proceeding with discovery as to claims that are not subject to the assertion of qualified immunity is not a permissible alternative." *Lincoln v. Maketz*, 2015 WL 3413271, *3 (D. Colo. May 28, 2015); *Gale v. Jacob*, 2015 WL 3862686, at *2 (D. Colo. June 22, 2015); *Ingram v. Clements*, 2015 WL 1598052, at *2 (D. Colo. Apr. 8, 2015). In addressing this issue, the Supreme Court stated that:

> It is no answer to these concerns [of avoiding disruptive discovery] to say that discovery can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a

7

misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Iqbal*, 556 U.S. at 685. Under this standard, a complete stay of discovery for *all* claims and Defendants, both subject to and not subject to an immunity defense, is appropriate and regularly ordered. *See e.g.*, *Estate of Thakuri by & through Thakuri v. City of Westminster*, 2019 WL 6828306, at *4 (D. Colo. Dec. 12, 2019) (finding strong presumption for complete stay following assertion of qualified immunity by one defendant and granting same); *Chapman v. Federal Bureau of Prisons*, 2015 WL 4574863, at *2–4 (D. Colo. July 30, 2015) (entering complete stay of discovery, despite immunity defenses only applying to some defendants and to some claims); *Drive Sunshine Inst. v. High Performance Transp.*, 2014 WL 5816900, at *3 (D. Colo. Nov. 10, 2014) ("Additionally, discovery should be stayed in the case as a whole even though only some of the defendants are asserting qualified immunity as a defense."); *Cook v. Whyde*, 2021 WL 981308, at *3 (D. Colo. Mar. 15, 2021) (same); *Lucero v. City of Aurora*, 2023 WL 5957126, at *3 (D. Colo. Sept. 13, 2023) ("[T]he Supreme Court [has] made clear that discovery must be stayed upon assertion of qualified immunity, even if there are claims that are not subject to a qualified immunity defense; otherwise, the defense is lost[.]") (citing *Iqbal*, 556 U.S. at 685–86). That is especially true here where all Individual Defendants, aside from those who have asserted qualified immunity against constitutional claims, have moved to dismiss statutory claims for lack of jurisdiction.

Additionally, there is a direct overlap between the claims subject to qualified immunity and those that are not. Every claim brought against Defendant Steamboat

8

Springs School District is also brought against one or more of the Individual Defendants. Accordingly, should discovery be allowed to proceed even in a limited fashion, the Individual Defendants will essentially be deprived of their immunity protections before the Court has a chance to rule on the issue. *Thompson v. Williams*, 2021 WL 4748663, at *6 (D. Colo. Oct. 12, 2021) (granting stay on basis that "it would be particularly difficult to distinguish between discovery related to claims that may be subject to [ ] immunity, and those that are not."); *Griffith v. El Paso Cnty., Colorado*, 2022 WL 20286303, at *2 (D. Colo. Nov. 2, 2022) ("Proceeding with discovery on Plaintiff's municipal liability claim […] would both effectively deprive them the benefit of immunity and result in a risk of piecemeal discovery."). A stay is warranted on this basis.

      B.     THE INTERESTS OF THE COURT FAVOR A STAY (FACTOR 3).

A court will consider its own convenience when ruling on a motion to stay discovery. *See, e.g.*, *Littlefield v. Weld Cnty. Sch. Dist. RE-5J*, No. 22-CV-02241-PAB-KLM, 2023 WL 10474104, at *3 (D. Colo. June 9, 2023) ("…it is more convenient to this Court for reasons of judicial economy, judicial efficiency, and burdens of pretrial administration if this matter is stayed, rather than this Court being embroiled in unnecessary pretrial and trial proceedings.");

Because the Court can avoid inevitable and significant discovery disputes related to Plaintiffs' claims, scheduling matters involving multiple separately represented parties, and additional hearings and disputes concerning claims that may ultimately prove unnecessary, the Court's interest favors a stay. *Thompson*, 2021 WL 4748663, at *7 ("Indeed, it is certainly more convenient for the court to enter a stay until it is clear which

9

of Plaintiff's claims, if any, will move forward."); *Weise v. Colorado Springs, Colorado*, 2018 WL 1640254, at *7 (D. Colo. Apr. 5, 2018) ("A better course of action is simply to plan for and proceed with discovery once there is an understanding of which claims and Defendants will move forward."); *Est. of Thakuri*, 2019 WL 6828306, at *3 ("It is certainly more efficient for the Court to handle, for example, discovery issues after initial dispositive motions have been adjudicated."); *Sgaggio v. Diaz,*, 2023 WL 22188, at *6 (D. Colo. Jan. 3, 2023) (same).

### C. THE INTERESTS OF NON-PARTIES FAVORS A STAY (FACTOR 4).

Defendants are not aware of any third parties who would be negatively impacted by the temporary stay. Instead, a stay would work to protect the various non-party government personnel and other witnesses Plaintiffs will inevitably seek to depose. *See generally Hay v. Family Tree, Inc.*, 2017 WL 2459777, at *2 (D. Colo. June 6, 2017) (finding this factor to weigh in favor of a stay, where discovery was likely to "involve significant efforts concerning others who are not parties to th[e] lawsuit"); *see also Samuels v. Baldwin*, No. 14-cv-02588- LTB-KLM, 2015 WL 232121, at *3 (D. Colo. Jan. 16, 2015) (granting stay of discovery where no nonparties had significant particularized interests in the case). Thus, the fourth *String Cheese* factor weighs in favor of a stay.

### D. THE PUBLIC INTEREST FAVOR A STAY (FACTOR 5).

Regarding the public's interests, there is no indication that staying discovery will adversely impact those interests. "Indeed, the public interest is served by avoiding what may be unnecessary expenses associated with allowing discovery at the present time." *Adams v. Wiley*, 2009 WL 4730744, at *1 (D. Colo. Dec. 2, 2009) (citing FED.R.CIV.P. 1).

10

Substantial public resources could be conserved by postponing the need for further complex litigation and discovery—including the preparation and exchange of voluminous discovery materials, as well as numerous witness depositions—until the Court determines which (if any) of Plaintiffs' claims will proceed against the Individual Defendants. *See, e.g.*, *Benton v. Town of S. Fork*, No., 2012 WL 4097715, at *6 (D. Colo. Sept. 18, 2012) ("this court finds that resolving the pending Motions to Dismiss, while perhaps not dispositive of the entire case, will clarify and streamline the claims and the proper defendants for more precise and productive discovery."); *Peterson v. O'Neal*, 2023 WL 1993630, at *2 (D. Colo. Feb. 14, 2023) (granting stay due to pending immunity defense, stating: "The public has an interest in an efficient and just resolution of this case. Ensuring effective use of public resources best serves the public's interest.").

### III.   CONCLUSION

None of the parties are well served in being involved in the "struggle over the substance of the suit" when a dispositive motion is pending. *See Commonwealth Prop. Advocates, LLC v. Deutsche Bank Trust Co. Americas*, 2011 WL 572386, at *1 (D. Colo. Feb. 14, 2011); *see also Lopez v. Gonzales*, 2020 WL 417590, at *2 (D. Colo. Jan. 27, 2020) (citing *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned and to make the most efficient use of judicial resources.")). Due to the predominately legal nature of the challenges at issue, there is no discovery that is needed pending the Court's consideration of Defendants' Motions to Dismiss. A stay of discovery

11

will be the most efficient way to conserve time and public resources, as well as the efforts and resources of this Court.

**WHEREFORE**, the Defendants respectfully request that the Court stay all further discovery and proceedings until such time it rules on their dispositive motion.

Respectfully submitted,

/s/ Courtney B. Kramer
Courtney B. Kramer
Bennett M. Harrell
SGR, LLC
3900 East Mexico Ave., Suite 700
Denver, CO 80210
T: 303-320-0509
Email: ckramer@sgrllc.com
bharrell@sgrllc.com
*Attorneys for Defendant Anne-Marie Tennyson*

s/ Elliott V. Hood
Gwyneth Whalen
Elliott V. Hood
Caroline G. Gecker
CAPLAN AND EARNEST LLC
3107 Iris Ave, Ste 100
Boulder, CO 80301
303-443-8010
gwhalen@celaw.com
ehood@celaw.com
cgecker@celaw.com
*Attorneys for Defendants Steamboat Springs School District RE-2, Dr. Celine Wicks, Ron Peterson, Chuck Rosemond, and Dan Juba*

/s/ Catherine A. Tallerico
Catherine A. Tallerico
Lyons Gaddis, PC
PO Box 978
515 Kimbark St.
Longmont, CO 80502

Telephone: 303-776-9900
ctallerico@lyonsgaddis.com
*Attorney for Defendant Sylvia Rawlings*

Case No. 1:25-cv-00315-CNS-SBP   Document 57   filed 10/07/25   USDC Colorado   pg 13 of 14

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 7th day of October 2025, I electronically filed a true and correct copy of the above and foregoing **DEFENDANTS' MOTION TO STAY DISCOVERY** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Jessica L. Breuer
Burg Simpson Eldredge Hersh & Jardine, PC.
40 Inverness Drive East
Englewood, CO 80112
jbreuer@burgsimpson.com
*Attorney for Plaintiffs*

Caroline G. Gecker,
Elliott V. Hood
Gwyneth Whalen
Caplan and Earnest LLC
3107 Iris Ave., Ste. 100
Boulder, CO 80301
cgecker@celaw.com
ehood@celaw.com
gwhalen@celaw.com
*Attorneys for Steamboat Springs School District
RE-2, Dr. Celine Wicks, Ron Peterson, Chuck Rosemond,
and Dan Juba*

Catherine A. Tallerico
Lyons Gaddis, PC
PO Box 978
515 Kimbark St.
Longmont, CO 80502
ctallerico@lyonsgaddis.com
*Attorneys for Defendant Sylvia Rawlings*

/s/ Deborah Edwards
Legal Secretary

14