# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-CV-315-CNS-SBP

MAYO THOMPSON, individually, and on behalf of S.R., a minor; CANDY GRANGER, individually, and on behalf of S.U., a minor; HEATHRE NAUSED, individually, and on behalf of A.N., a minor; ERIC BENDER and AMY BENDER, individually, and as husband and wife, on behalf of C.B., a minor,

    Plaintiffs,

v.

STEAMBOAT SPRINGS SCHOOL DISTRICT RE-2, a municipal entity; CELINE WICKS, in her individual and official capacities; ANNE-MARIE TENNYSON, in her individual and official capacities; RON PETERSON, in his individual and official capacities; SYLVIA RAWLINGS, in her individual and official capacities; CHUCK ROSEMOND, in his individual and official capacities; and DAN JUBA, in his individual and official capacities,

    Defendants.

---

## DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT (ECF 63)

---

Before Defendants moved to dismiss Plaintiffs' Complaint (ECF 1), they conferred with Plaintiffs' counsel on the exact grounds upon which Defendants would move to dismiss under Rule 12(b). Plaintiffs nonetheless refused to amend their complaint—even where the law was clear that Plaintiffs could not plausibly prevail.[1] After Defendants expended considerable time and resources preparing and filing their dismissal motions (ECFs 28, 41, 43), Plaintiffs are now using those motions as a playbook to try to fix the

---

[1] E.g., the fact that the parents of the students in question lack standing to assert claims on their own behalf. (*See* ECF 41, pp. 5-6.)

1

defects Defendants noted and to add allegations that Plaintiffs could and should have asserted in their original complaint. This is precisely the type of undue delay and undue prejudice that Rule 15 does not countenance. Further, the proposed amendments are ultimately futile, as they do not render Plaintiffs' claims plausible. The Court should accordingly deny Plaintiffs' motion and grant Defendants' dismissal motions.

## Legal Standards for Leave to Amend

Rule 15(a) governs Plaintiffs' motion for leave to amend, which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." F.R.C.P. 15(a)(2). In the Tenth Circuit, leave to amend may be refused when there is a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotations omitted).

## Relevant Background

Plaintiffs filed their Complaint on January 29, 2025 (ECF 1). Defendant Rawlings filed her Partial Motion to Dismiss on May 15 (ECF 28). On May 23, the Court granted Defendants' joint motion to stay pending mediation (ECF 31), which was unsuccessful. The Court lifted the stay on August 14, and reset the School District Defendants'[2] and Defendant Tennyson's responsive pleading deadline to September 5 (ECF 34).

On August 18, 2025, counsel for the School District Defendants emailed counsel for Plaintiffs requesting availability for a conferral on a motion to dismiss. (**Ex. A**, Aug. 18

---

[2] The "School District Defendants" are Steamboat Springs School District RE-2, Celine Wicks, Ron Peterson, Dan Juba, and Chuck Rosemond.

2

Email.) The parties set a conferral call for August 25, 2025. On August 22, counsel for the School District Defendants sent Plaintiffs' counsel a detailed conferral email outlining their position on the intended partial motion to dismiss and grounds for dismissal of each claim and/or of each Defendant. (**Ex. B**, Aug. 22 Email.) In this conferral email, the School District Defendants explained that: the Parents lacked standing to assert their claims; Plaintiffs could not pursue ADA, Section 504, or Title VI claims against individual defendants; and that Plaintiffs' constitutional claims failed because Plaintiffs' allegations did not plead a cognizable constitutional injury, did not attach liability to the District, and the individual defendants were entitled to qualified immunity.

During the August 25 conferral call, Plaintiffs' counsel stated that they opposed both the School District Defendants' planned partial motion to dismiss and Ms. Tennyson's planned motion to dismiss (premised on largely the same grounds as the School District Defendants' motion) in their entirety. At no point did Plaintiffs' counsel indicate any intent to amend the Complaint.

On September 5, the School District Defendants filed their Partial Motion to Dismiss (ECF 41), and Ms. Tennyson filed her Motion to Dismiss (ECF 43).

On October 2, counsel for Plaintiffs informed counsel for Defendants that Plaintiffs intended to file a motion to amend their Complaint. (**Ex. C**, Oct. 2 Email.) Counsel for Defendants indicated that they could not take a position on the motion to amend without seeing the proposed amended complaint.

Defendants' dismissal motions were fully briefed as of October 7 (ECF 54) and October 17 (ECFs 60 & 62). On October 24, counsel for Plaintiffs provided the proposed

3

amended complaint to defense counsel, who indicated their opposition. (**Ex. D**, Oct. 24 Email.) Plaintiffs filed their Motion for Leave to Amend on November 5 (ECF 63.)

## Argument

Plaintiffs seek leave to add two categories of allegations: (1) those pertaining to alleged "procedural deficiencies," i.e., the Parents' lack of standing to bring claims on their own behalf, the ADA, Section 504, and Title VI claims improperly asserted against individual defendants, and the improperly asserted Section 1981 claim; and (2) "additional factual specificity" purportedly supporting their civil rights claims. (ECF 63, p. 14.) Plaintiffs' proposed amendments directly respond to the deficiencies raised in Defendants' motions to dismiss, and each one of them could have, and should have, been included in Plaintiffs' original Complaint. Plaintiffs offer no justification for this undue delay, and their proposed amendments are futile.

**I.     Plaintiffs unduly delayed seeking leave to amend their Complaint.**

Undue delay occurs where a plaintiff's amendments "make the complaint a moving target." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (quotations omitted). In such circumstances, "prejudice to the opposing party need not also be shown." *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990). When considering an argument of undue delay, "courts should focus primarily on the reasons for the delay." *Id*. For example, "if the movant was or should have been aware for some time of the facts on which the amendment is based, the court may properly deny leave to amend." *Id.* Denial of leave to amend is also appropriate "when the party filing the motion has no adequate explanation for the delay" or "cannot demonstrate excusable neglect." *Id.* Along those lines, courts should deny a motion to

amend when, among other things, "it appears that the plaintiff is using Rule 15 to make a complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery," or "to present theories seriatim in an effort to avoid dismissal." *Minter*, 451 F.3d at 1206. As courts have recognized, "<u>a plaintiff may not amend its complaint in response to a motion to dismiss</u>." *In re Kosmos Ener. Ltd Sec. Lit.*, 955 F. Supp. 2d 658, 676 (N.D. Tex. 2013) (emphasis added).

Here, Plaintiffs concede that their amendments do not add new claims but merely "provide additional factual specificity regarding conduct already alleged." (ECF 63, p. 14.) Plaintiffs offer no explanation for why this supposed "additional factual specificity" could not have been included in their original Complaint, such as contending that any of the information was newly discovered. To the contrary, the "new" allegations in the proposed amended complaint concern incidents already described in the original Complaint and could have been asserted based on information Plaintiffs already had. For example, Plaintiffs now include allegations regarding the School District's alleged response to an email Mr. Bender sent to Defendants Tennyson and Peterson on March 24, 2023. (ECF 63-1 ¶¶ 246–49.) Plaintiffs undeniably had this information when they filed their Complaint, yet they did not include it. It is well settled that amendment is improper where the movant possessed relevant facts but failed to include them in the initial pleading. *Las Vegas Ice,* 893 F.2d at 1185.

Rather than seeking leave because of newly discovered information, Plaintiffs waited until all Defendants filed three fully briefed motions to dismiss and then tailored their "new" allegations to respond to the deficiencies identified in those motions. Plaintiffs acknowledge as much in their Motion for Leave to Amend, noting that the "clarifications

5

directly address the issues Defendants raised in their Motions to Dismiss and eliminate any risk of unnecessary dismissal" and that the proposed amendments "provide necessary specificity" regarding Defendants' alleged unlawful conduct to avoid dismissal. (ECF 63, p. 2.) This is precisely the type of strategic, after-the-fact re-pleading that *Minter* warns against and that Rule 15 does not permit.

In summary, Plaintiffs are attempting to add allegations they could have added long ago and are doing so in direct response to Defendants' dismissal motions. The whole point of the conferral process was to avoid this result. Thus, Plaintiffs have unduly delayed seeking leave to add these allegations, and the Court should deny Plaintiffs' motion.

## II. Granting leave to amend would unduly prejudice Defendants and sanction the practice of using a dismissal motion to cure a complaint's defects.

Given Plaintiffs' undue delay in seeking leave to amend, and the fact that Plaintiffs seek to add allegations they could or should have added earlier in the case, granting leave would unduly prejudice Defendants. Defendants analyzed the Complaint and then conferred in detail with Plaintiffs' counsel regarding its defects. (*See, e.g.,* **Ex. B**.) Plaintiffs refused to amend their Complaint. Defendants' counsel dedicated significant time, and Defendants incurred significant expense, to prepare and file their dismissal motions. Indeed, the purpose of conferring on a Rule 12(b)(6) dismissal motion "is to determine whether any alleged deficiencies can be cured by amendment," *Maloney v. City of Pueblo*, 323 F.R.D. 358, 359 (D. Colo. 2018), and, thus, avoid dedicating time and money to preparing a dismissal motion. That is likely why the Uniform Civil Practice Standards in this District require a meaningful conferral before filing any Rule 12 motion.[3]

---

[3] *See* Uniform Civil Practice Standards, Civ. Practice Standard 7.1B(b).

6

As noted, it is apparent from Plaintiffs' proposed amended complaint that they seek to add allegations in direct response to Defendants' dismissal motions. Granting leave to amend would sanction the practice of allowing a party to use a dismissal motion effectively as a guide to cure defects in a complaint, undermining not only the purpose of a conferral as stated in *Maloney*, *supra*, but also the first rule of civil procedure to ensure the "just, speedy, and inexpensive determination of every action and proceeding." F.R.C.P. 1.

### III. Leave to amend would be futile.

A motion to amend may be denied as futile "if the proposed amendment could not have withstood a motion to dismiss or otherwise fail[s] to state a claim." *Schepp v. Fremont Cnty., Wy.*, 900 F.2d 1448, 1451 (10th Cir. 1990). "[I]f such a dismissal operates on the merits of the complaint, it will also ordinarily be entered with prejudice." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

In their motions to dismiss, Defendants assert that Plaintiffs have not plausibly alleged any constitutional violations, have not adequately attached liability to the School District or overcome qualified immunity as to the Individual Defendants, and that their statutory claims are both improperly asserted and fail to state claims for relief. (ECFs 28, 41, & 43.) Defendants incorporate their dismissal arguments as though they are fully set forth in this opposition. None of the allegations in the proposed amended complaint (ECF 63-1) cure the defects in the operative Complaint (ECF 1).

#### A. "Procedural defects"

Plaintiffs contend that the amended complaint corrects several "procedural defects" by (1) removing Claims One, Two, and Seven against the individual defendants in their individual capacities, and (2) clarifying that the Parents are no longer pursuing

7

claims on their own behalf. However, Plaintiffs already conceded these deficiencies in their response to the School District's Motion to Dismiss, noting that the School District Defendants' dismissal motion "rests instead in large part on procedural maneuvers, including the argument that parents lack standing to assert individual claims and that certain federal anti-discrimination claims cannot be brought against individuals in their personal capacities. To the extent clarification is necessary, <u>Plaintiffs acknowledge these points</u> and will move to clarify their claims through a Motion to Amend." (ECF 56, pp. 2-3) (emphasis added).) Because these issues have already been conceded, amending the Complaint merely to restate those concessions does not advance any viable claim. As such, these proposed "clarifications" provide no basis for amendment and are futile.

    **B.**    **"Further factual allegations" regarding Plaintiffs' civil rights claims.**

        **1.**    **"Physical abuse"**

Plaintiffs assert that their amendments regarding alleged "physical abuse" support their 4th Amendment, substantive due process, and ADA/Section 504 claims. (ECF 63, p. 5.) However, almost all of Plaintiffs' "new" allegations—pertaining to the incidents involving S.R., the hallway incident with S.U., A.N.'s arm injury, and the alleged mistreatment of C.B.—are simply restatements of facts already asserted in the original Complaint. Plaintiffs again cite the alleged wheelchair-spinning incident involving S.R. (ECF 63-1 ¶¶ 255–266, 279–289) and Defendant Rawlings' subsequent criminal charges arising from that event (¶¶ 297–300); S.U.'s reported head wound allegedly caused by inadequate supervision (¶¶ 311–320); the hallway incident and asserted carpet burns (¶¶ 321–334); A.N.'s arm becoming trapped in his wheelchair due to alleged neglect (¶¶ 360–366); and C.B.'s claimed mistreatment related to toileting and hygiene (¶¶ 240–

8

248, 398–401). These are not newly discovered facts. Rather, Plaintiffs have merely repackaged allegations they have already asserted, using heightened and more inflammatory language to describe the same events.

The only "new" allegations are accusations that staff restrained S.U. on the toilet, leaving "hand-shaped bruises" (¶¶ 345–347), and that "Defendant Rosemond physically restrained C.B. by holding her arms back while she was attempting to move forward" (¶ 245). These additional assertions—without any context, including when the alleged incidents occurred and under what circumstances—do not make Plaintiffs' substantive due process, 4th Amendment, or ADA/Section 504 claims any more plausible.

### 2.  Toileting Assistance

Plaintiffs argue that their proposed amendments regarding toileting assistance support their substantive due process and ADA/Section 504 claims. (ECF 63, p. 7.) The allegations regarding toileting assistance are also not "new," but rather, a reassertion of allegations already included in the original Complaint now described in more inflammatory terms. For example, whereas the original Complaint alleged that the Students required toileting assistance (ECF 1 ¶ 185), the proposed amended complaint now asserts that the Students required "maximum assistance" and "were entirely dependent on staff to meet this most basic human need" (ECF 63-1 ¶¶ 221, 225). This rhetorical embellishment does not alter the substance of Plaintiffs' claim that Defendants failed to provide adequate toileting assistance for each Student based on their needs.

Plaintiffs also repeat the claim that Rosemond and Juba refused toileting duties and that Tennyson purportedly approved their refusal. (ECF 63-1 ¶¶ 231–243.) Again,

9

these allegations mirror those already included in the original pleading (*see* ECF 1 ¶¶ 187-195) and offer no material new information.

### 3. "Humiliation and privacy violations"

Similarly, proposed amendments concerning alleged "humiliation and privacy violations"—which Plaintiffs argue support their 4th Amendment, substantive due process, and ADA/Section 504 claims—add no new material information and are therefore futile. (ECF 63, p. 8.) The original Complaint asserts that Defendants' conduct invaded the Students' privacy and violated their right to bodily integrity by changing them in view of their peers and involving their peers in toileting tasks. (*See* ECF 1 ¶¶ 328-339.) The proposed amendments merely restate these same allegations using more charged language, without adding any new facts, incidents, or theories of liability. (*See* ECF 63-1 ¶¶ 384–392 & 398-402.) Because the amendments do not meaningfully expand upon or alter the claims already pleaded, they do not cure any deficiencies identified in Defendants' motions to dismiss. As such, these amendments are futile.

The only arguably new statement is a vague, unsupported assertion that the School District "pressured peers to sign nondisclosure agreements" (ECF 63-1 ¶ 388). Plaintiffs do not identify who made the alleged request, who these alleged "peers" may be, whether anyone signed such an agreement, or what the agreement said. This speculative allegation does not cure any of the deficiencies in Plaintiffs' 4th Amendment or substantive due process theories.

### 4. Racial Discrimination

Plaintiffs argue that additional allegations concerning Defendant Rawlings' alleged comment salvage their race-based equal protection and § 1981 claims. (ECF 63, p. 10.)

10

<u>Equal protection</u>. Plaintiffs add no alleged facts showing that S.R. suffered any specific deprivation of educational services or benefits due to Defendant Rawlings' alleged comments. Without a connection between the alleged comments and any concrete adverse educational action, S.R.'s race-based equal protection claim cannot survive. *Sturdivant v. Fine*, 22 F.4th 930, 936 (10th Cir. 2022) (equal protection claim requires showing of deprivation for educational benefit or opportunity).

<u>Section 1981</u>. Plaintiffs assert that S.R.'s IEP constitutes "a legally binding contract" whose impairment supports a § 1981 claim. (ECF 63-1 ¶¶110-111.) This proposed allegation does not overcome the well-established legal rule, noted in the dismissal motions, that IEPs are statutory documents created under the Individuals with Disabilities in Education Act, not contracts. *Thompson R2-J Sch. Dist. v. Luke P., ex rel. Jeff P.*, 540 F.3d 1143, 1151 (10th Cir. 2008); *accord Van Duyn ex rel. Van Duyn v. Baker Sch. Dist. 5J*, 502 F.3d 811, 820 (9th Cir. 2007) ("An IEP is not a contract."); *L.J. by N.N.J. v. Sch. Bd. of Broward Cnty.*, 927 F.3d 1203, 1212 (11th Cir. 2019) (same). Because Section 1981 protects only contractual rights, Plaintiffs' reliance on the IEP cannot provide the contractual relationship necessary to invoke Section 1981 liability.

### 5.     "Segregation and isolation"

Even with the added references to "systematic segregation," exclusion from field trips, and use of "sensory rooms," (ECF 63-1 ¶¶ 203-208 & 209-211), Plaintiffs still fail to state a plausible procedural due process claim. In the education context, violations of the due process clause arise when a student is effectively removed from the educational process. *See Abdi v. Wray*, 942 F.3d 1019, 1031 (10th Cir. 2019); *Goss v. Lopez,* 419 U.S. 565, 574–79 (1975); *Couture v. Bd. of Educ.,* 535 F.3d 1243, 1257 (10th Cir. 2008).

11

Missing field trips or vocational activities does not constitute the "total exclusion" required under *Goss*. Plaintiffs' theory also ignores that the Students have significant needs and require services and day-to-day programming that necessarily differs from those of students in the general-education population.

The amended "sensory room" allegations also do not alter the analysis. Plaintiffs now assert, "upon information and belief," that the Students were left in "dark closets for extended periods—often hours at a time," but they provide no additional factual detail or context to support this claim. (ECF 63-1 ¶¶ 209-211.) Allegations made on information and belief, without specific supporting facts such as when these incidents occurred, who was involved, or any circumstances surrounding the alleged conduct, do not move the claim from merely possible to plausible. *See Robbins v. Okla.*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he *Twombly* Court was particularly critical of complaints that mentioned no specific time, place, or person involved in the alleged conspiracies.") (quotations omitted). These vague assertions do not plausibly allege conduct that implicates the Students' protected liberty or property interests.

**C.  The proposed amendments do not overcome the Individual Defendants' right to qualified immunity.**

Because none of the proposed amendments alter the Individual Defendants' entitlements to qualified immunity, the amendments are futile. Public officials are entitled to qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Plaintiffs must clear two hurdles to overcome qualified immunity. First, they must plausibly allege that a right was violated. *Peterson v. Jensen*, 371 F.3d 1199, 1202 (10th Cir. 2004). Second, they must show that

the right was clearly established at the time of the alleged violation. *Id.* A right is clearly established where Supreme Court or Tenth Circuit precedent (or the clear precedential weight of other circuit courts) places its existence "beyond debate." *Quinn v. Young*, 780 F.3d 998, 1005 (10th Cir. 2015). Pursuant to the Tenth Circuit's "robust" qualified immunity, it is Plaintiffs' "burden to identify the relevant clearly established law," which must be "directly on point […] [and] particularized to the facts of the instant case." *N.E.L. v. Douglas Cty., Colorado*, 740 F. App'x 920, 928 n.18, 929 (10th Cir. 2018).

<u>Defendants Wicks and Peterson</u>. Plaintiffs' proposed amendments concerning Defendants Wicks and Peterson consist only of assertions about their general responsibilities, reporting duties, and policymaking roles. (*See* ECF 63-1 ¶¶ 65-66 & 79-86.) Allegations that Defendant Wicks was a final policymaker, or that Defendant Peterson had statutory reporting duties, do not establish that either had actual knowledge of unconstitutional conduct or acted with deliberate indifference. Recitations of job descriptions and generalized assertions of notice are insufficient to defeat qualified immunity, which requires the plaintiff to allege concrete facts showing a public employee's personal participation in the alleged constitutional violation. *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011). Because Plaintiffs continue to rely on conclusory statements rather than specific, well-pled facts, their amendments are futile.

<u>Ms. Tennyson</u>. Plaintiffs' allegations that Defendant Tennyson was a final policymaker or had statutory reporting duties do not establish that she had actual knowledge of unconstitutional conduct or acted with deliberate indifference. *Id.* Nor do Plaintiffs' allegations establish supervisory liability. Plaintiffs must show that Defendant Tennyson (1) promulgated, created, implemented or possessed responsibility for the

continued operation of a policy that (2) caused the complained-of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation. *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). She must have "played more than a passive role in the alleged constitutional violation" and must have "deliberately enforced or actively maintained the policies in question[.]" *Pemberton v. Patton*, 673 F. App'x 860, 868 (10th Cir. 2016).

The amended complaint does not cure the first Complaint's defects. Plaintiffs newly allege that two parents, the Benders, demanded Defendant Tennyson be removed from "any role overseeing C.B.'s IEP." (*See* ECF 63-1 at ¶¶ 246-249.) She reacted by forwarding the Benders' e-mail to Defendant Wicks, her supervisor. (*Id.*; *see also id.* at ¶ 65 (establishing Wicks as Tennyson's supervisor).) The amended complaint frames this as an abdication of responsibility.

But Defendant Tennyson was not required to abandon her professional obligations simply because two parents demanded she do so. The Amended Complaint alleges only that Defendant Tennyson knew about Defendant Juba's alleged misconduct. It does not establish that she "played more than a passive role in the alleged violation," *Pemberton*, 673 F. App'x at 868, or "was the moving force behind the injury alleged."[4] *A.B. ex rel. B.S.*, 831 F. Supp. 2d 1226, 1245 (D. Colo. 2011). And Plaintiffs' allegations that Ms. Tennyson failed to act are self-defeating. The Amended Complaint admits that Ms. Tennyson notified Ms. Wicks of Mr. Juba's alleged misconduct. (ECF 63-1 at ¶¶ 247-48.)

---

[4] Defendant Tennyson's alleged inaction can hardly have been the moving force behind the alleged injury to C.B. where the injury took place *before* Defendant Tennyson knew about it. (ECF 63-1 at ¶¶ 246-248.)

14

Plaintiffs' wholesale reliance on Defendant Tennyson's alleged knowledge and inaction does not state a viable claim. Even if it did, Plaintiffs will not be able to identify case law sufficiently on point to overcome Defendant Tennyson's entitlement to qualified immunity. Accordingly, the Amended Complaint would be futile.

<u>Ms. Rawlings</u>. The additional allegations in the proposed amended complaint do not affect or diminish Ms. Rawlings' entitlement to qualified immunity and do not assist in stating plausible claims for relief against her. The amendments do not alter the essential character of the claims asserted against her or the governing legal standards.

### D. The amendments would not make the *Monell* claims plausible.

Plaintiffs' proposed allegations fail to establish any basis for imposing liability on the School District. Plaintiffs continue to assert, in conclusory fashion, that the alleged constitutional violations were "systemic" (ECF 63, pp. 4, 6, 11, & 12), yet they allege no actual facts to support those assertions. Nor do Plaintiffs propose any amendments that plausibly allege what Defendant Wicks actually knew or how any decision by her, as the alleged final policymaker, caused a constitutional violation. Their amendments therefore do not salvage their *Monell* claims and are futile.

### Conclusion

The Court should deny Plaintiffs' motion (ECF 63), grant the pending motions to dismiss (ECFs 28, 41, & 43), and enter an order dismissing this action with prejudice.

Respectfully submitted this 21st day of November 2025.

                                                *s/ Caroline G. Gecker*
                                                Gwyneth Whalen
                                                Elliott V. Hood
                                                Caroline G. Gecker
                                                CAPLAN AND EARNEST LLC

    3107 Iris Ave, Ste 100
Boulder, CO 80301
303-443-8010
gwhalen@celaw.com
ehood@celaw.com
cgecker@celaw.com
*Attorneys for School District Defendants*

s/ Catherine A. Tallerico
Catherine A. Tallerico
LYONS GADDIS, P.C.
PO Box 978
515 Kimbark Street
Longmont, CO 80501
303-776-9900
ctallerico@lyonsgaddis.com
*Attorneys for Defendant Sylvia Rawlings*

s/ Bennett M. Harrell
Courtney B. Kramer
Bennett M. Harrell
Eric M. Ziporin
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, CO 80210
303-320-0509
ckramer@sgrllc.com
bharrell@sgrllc.com
eziporin@sgrllc.com
*Attorneys for Defendant Anne-Marie Tennyson*

## CERTIFICATE OF SERVICE

This is to certify that on November 21, 2025, a true and correct copy of the foregoing was filed with the U.S. District Court of Colorado CM/ECF System which will notify the following:

Jessica L. Breuer, Esq.
Stephen Burg, Esq.
Hannah E. Huston, Esq.
Burg Simpson Eldredge Hersh & Jardine, P.C.
jbreuer@burgsimpson.com; sburg@burgsimpson.com; hhuston@burgsimpson.com
*Attorneys for Plaintiffs*

Courtney B. Kramer, Esq.
Bennett M. Harrell, Esq.
Eric M. Ziporin, Esq.
SGR, LLC
ckramer@sgrllc.com; bharrell@sgrllc.com; eziporin@sgrllc.com
*Attorneys for Defendant Anne-Marie Tennyson*

Catherine A. Tallerico, Esq.
Lyons Gaddis, P.C.
ctallerico@lyonsgaddis.com
*Attorney for Defendant Sylvia Rawlings*

                                         s/*Shelley McKinstry*
                                         Shelley McKinstry, Paralegal