| | |
|---|---|
| **From:** | Gwyneth Whalen |
| **Sent:** | Friday, August 22, 2025 1:19 PM |
| **To:** | Stephen Burg; Jessica Breuer; Sabrina Goreham; Annette L. Jones; Maria Pena |
| **Cc:** | Elliott Hood; Caroline Gecker; Catherine A. Tallerico; Courtney Kramer; Shelley McKinstry |
| **Subject:** | RE: Thompson, et al. v. Steamboat Springs School District RE-2, et al. - MTD conferral and proposed protective order |
| **Attachments:** | 2025.08.21 Russell - Proposed Protective Order-v1.docx; 2025.08.21 Russell - Stipulated Motion for Entry of Protective Order-v1.docx |

Counsel,

For our conferral Monday, here's our current position on MTD claims and grounds for dismissal. We refer also to the applicable legal authorities identified in Ms. Rawlings' pending MTD.

Please let us know your position on the attached proposed stipulated protective order as well.

1. <u>Dismissal of all claims on behalf of Parents</u>: The Parents lack standing to assert claims under Section 504, the ADA, Title VI, Section 1983, Section 1981, or Section 1986 based on alleged injuries to their children. *See I.G. ex rel. Grunspan v. Jefferson Cnty. Sch. Dist.*, 452 F. Supp. 3d 989, 998 (D. Colo. 2020) (Section 1983 and Title VI); *Robert R. v. Jefferson Cnty. Sch. Dist. R-1*, No. 120CV01558CNSRN, 2022 WL 4104273, at *6 (D. Colo. Sept. 8, 2022) (Section 504 and the ADA); (*Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984) (Section 1986). In addition, the Parents' allegations regarding violations of their own liberty interests are vague, conclusory, and insufficient to satisfy the pleading standards set forth in *Iqbal* and *Twombly*.

2. <u>Dismissal of Section 504, ADA, and Title VI Claims against the Individual Defendants (Claims 1, 2, and 7)</u>: Plaintiffs cannot assert claims against Individual Defendants under Section 504, the ADA, or Title VI. *See Barnes v. Gorman*, 536 U.S. 181, 185 (2002) (remedies under Section 504 and Title II are tied to the obligations of *funding recipients*); *Montez v. Romer*, 32 F. Supp. 2d 1235, 1241 (D. Colo. 1999) (no individual liability under Section 504 and the ADA).

3. <u>Dismissal of Section 1983 Claims (3, 4, 5, and 6)</u>:
    a. Plaintiffs fail to plausibly allege a constitutional injury under the Fourth Amendment, the procedural due process clause, the substantive due process clause, or the equal protection clause.
    b. The Individual Defendants are entitled to qualified immunity because, even assuming a constitutional violation were plausibly alleged, the Complaint does not include facts establishing that any Individual Defendant was deliberately indifferent to a known risk of the specific type of harm allegedly suffered by any Student.
    c. Plaintiffs fail to plausibly allege *Monell* liability. The Complaint does not include facts showing a final policymaker was deliberately indifferent to inadequate training/supervision that directly caused Plaintiffs' alleged constitutional injuries.

4. <u>Dismissal of Section Title VI Claim</u>: A Title VI hostile environment claim requires a showing of severe and pervasive harassment that deprived the student of educational benefits and opportunities. *Bryant v. Indep. Sch. Dist. No.* I–38, 334 F.3d 928, 934 (10th Cir. 2003). There are no facts

1

**EXHIBIT B**

demonstrating S.R. was deprived educational benefits/opportunities based on Ms. Rawlings' alleged comments, nor do the alleged comments rise to the level of severe and pervasive harassment.

5. <u>Dismissal of Section 1981 Claim</u>: Plaintiffs cannot maintain a claim under Section 1981 because there is no contractual relationship between SR and the School District, nor do they plead that such contractual relationship exists. *L. L. v. Evesham Twp. Bd. of Educ.,* 710 F. App'x 545, 550 (3d Cir. 2017) (dismissing Section 1981 claim brought by two students and noting that "the context of the case—two children attending public school—does not suggest any contractual rights"). In addition, Section 1981 claims may only be brought under Section 1983, the "exclusive federal . . . remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." *Brown v. Keystone Learning Servs.*, 804 F. App'x 873, 883 (10th Cir. 2020).

6. <u>Dismissal of Section 1986 Claim</u>: Plaintiffs' Section 1986 claim is barred by the applicable one-year statute of limitations, which is not subject to tolling. *O'Connor v. St. John's Coll.*, 290 F. App'x 137, 142 (10th Cir. 2008); *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 630 (10th Cir. 1993). In addition, Plaintiffs do not plausibly allege any conspiracy that could support a Section 1986 claim. *O'Connor v. St. John's Coll.*, 290 F. App'x 137, 142 (10th Cir. 2008); *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 630 (10th Cir. 1993).

7. <u>Dismissal of all claims on behalf of Parents</u>: The Parents lack standing to assert claims under Section 504, the ADA, Title VI, Section 1983, Section 1981, or Section 1986 based on alleged injuries to their children. *See I.G. ex rel. Grunspan v. Jefferson Cnty. Sch. Dist.*, 452 F. Supp. 3d 989, 998 (D. Colo. 2020) (Section 1983 and Title VI); *Robert R. v. Jefferson Cnty. Sch. Dist. R-1*, No. 120CV01558CNSRN, 2022 WL 4104273, at *6 (D. Colo. Sept. 8, 2022) (Section 504 and the ADA); (*Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984) (Section 1986). In addition, the Parents' allegations regarding violations of their own liberty interests are vague, conclusory, and insufficient to satisfy the pleading standards set forth in *Iqbal* and *Twombly*.

8. <u>Dismissal of Section 504, ADA, and Title VI Claims against the Individual Defendants (Claims 1, 2, and 7)</u>: Plaintiffs cannot assert claims against Individual Defendants under Section 504, the ADA, or Title VI. *See Barnes v. Gorman*, 536 U.S. 181, 185 (2002) (remedies under Section 504 and Title II are tied to the obligations of *funding recipients*); *Montez v. Romer*, 32 F. Supp. 2d 1235, 1241 (D. Colo. 1999) (no individual liability under Section 504 and the ADA).

9. <u>Dismissal of Section 1983 Claims (3, 4, 5, and 6)</u>:
   a. Plaintiffs fail to plausibly allege a constitutional injury under the Fourth Amendment, the procedural due process clause, the substantive due process clause, or the equal protection clause.
   b. The Individual Defendants are entitled to qualified immunity because, even assuming a constitutional violation were plausibly alleged, the Complaint does not include facts establishing that any Individual Defendant was deliberately indifferent to a known risk of the specific type of harm allegedly suffered by any Student.
   c. Plaintiffs fail to plausibly allege *Monell* liability. The Complaint does not include facts showing a final policymaker was deliberately indifferent to inadequate training/supervision that directly caused Plaintiffs' alleged constitutional injuries.

10. <u>Dismissal of Section Title VI Claim</u>: A Title VI hostile environment claim requires a showing of severe and pervasive harassment that deprived the student of educational benefits and opportunities.

**EXHIBIT B**

*Bryant v. Indep. Sch. Dist. No.* I–38, 334 F.3d 928, 934 (10th Cir. 2003). There are no facts demonstrating S.R. was deprived educational benefits/opportunities based on Ms. Rawlings' alleged comments, nor do the alleged comments rise to the level of severe and pervasive harassment.

11. <u>Dismissal of Section 1981 Claim</u>: Plaintiffs cannot maintain a claim under Section 1981 because there is no contractual relationship between SR and the School District, nor do they plead that such contractual relationship exists.  *L. L. v. Evesham Twp. Bd. of Educ.,* 710 F. App'x 545, 550 (3d Cir. 2017) (dismissing Section 1981 claim brought by two students and noting that "the context of the case—two children attending public school—does not suggest any contractual rights"). In addition, Section 1981 claims may only be brought under Section 1983, the "exclusive federal . . . remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." *Brown v. Keystone Learning Servs.*, 804 F. App'x 873, 883 (10th Cir. 2020).

12. <u>Dismissal of Section 1986 Claim</u>: Plaintiffs' Section 1986 claim is barred by the applicable one-year statute of limitations, which is not subject to tolling. *O'Connor v. St. John's Coll.*, 290 F. App'x 137, 142 (10th Cir. 2008); *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 630 (10th Cir. 1993). In addition, Plaintiffs do not plausibly allege any conspiracy that could support a Section 1986 claim. *O'Connor v. St. John's Coll.*, 290 F. App'x 137, 142 (10th Cir. 2008); *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 630 (10th Cir. 1993).

Thank you.

**Gwyneth Whalen**
*Attorney, AWI-CH (she/her)*



**Caplan & Earnest LLC**
3107 Iris Avenue, Suite 100 | Boulder, CO 80301
gwhalen@celaw.com
D: 303-448-6735 | O: 303-443-8010
celaw.com | LinkedIn

*Note:  I typically only review and respond to emails at 9:00 a.m., 12:00 p.m., and 4:00 p.m.  If you need something between or after these times, please call.*

This electronic transmission (including any attached file) contains information from the law firm of Caplan and Earnest LLC which may be confidential or privileged.  The information is intended to be for the use of the individual or entity named above.  If you are not the intended recipient, be aware that any review, disclosure, copying, distribution or other use of this information is prohibited.

If you have received this electronic transmission in error, please notify us immediately by telephone or by electronic mail (PostMaster@celaw.com).

IRS CIRCULAR 230 DISCLOSURE: Pursuant to U.S. Treasury Regulations, any tax advice contained in this communication (including any attachments) is not intended or written to be used,

**EXHIBIT B**

and cannot be used or relied upon by you or any other person, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another person or legal entity any transactions or matter addressed herein.

**EXHIBIT B**