**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-00315-CNS-SBP

MAYO THOMPSON, individually, and on behalf of S.R., a minor; CANDY GRANGER, individually, and on behalf of S.U., a minor; HEATHRE NAUSED, individually, and on behalf of A.N., a minor; ERIC BENDER and AMY BENDER, individually, and as husband and wife, on behalf of C.B., a minor.

        Plaintiffs,

v.

STEAMBOAT SPRINGS SCHOOL DISTRICT RE-2, a municipal entity; CELINE WICKS, in her individual and official capacities; ANNE-MARIE TENNYSON, in her individual and official capacities; RON PETERSON, in his individual and official capacities; SYLVIA RAWLINGS, in her individual and official capacities; CHUCK ROSEMOND, in his individual and official capacities; and DAN JUBA, in his individual and official capacities.

        Defendants.

---

**PLAINTIFFS' REPLY IN SUPPORT OF THE MOTION FOR LEAVE TO AMEND THE COMPLAINT AND JURY DEMAND**

---

## REPLY

Plaintiffs initially brought this action alleging multiple civil rights violations arising from the mistreatment of vulnerable students in a public-school setting. Those claims included violations of 42 U.S.C. § 1983 and related statutes, Title II of the ADA, and Section 504 of the Rehabilitation Act. After analyzing the legal issues raised and reassessing Plaintiffs' initial pleading, Plaintiffs now seek leave to amend—not to expand this litigation, but to refine and clarify it. The proposed amendments withdraw certain claims and add factual detail that further illuminate the misconduct already alleged. This

ensures that the operative pleading is focused, well-supported, and aligned with the governing standards.

These refinements are especially appropriate given the unique informational barriers inherent in this case. The victims are non-verbal children with significant needs who cannot recount what happened to them, when, or by whom. Defendants—and only Defendants—possess the full scope of factual information, including internal communications, records, surveillance, staffing data, and policy decisions, among other things. Yet Defendants accuse Plaintiffs of insufficient factual detail while simultaneously controlling and withholding the very evidence that would provide it—going so far as to seek stays to halt discovery and prevent further revelations from reaching the public. Plaintiffs have therefore pled as fully as possible prior to discovery and now seek amendment in good faith to clarify and streamline the operative claims.

The case remains at an early procedural stage: no scheduling order has been entered, discovery has not begun, and no dispositive motion has been adjudicated. Plaintiffs moved promptly—within weeks of receiving Defendants' full position on the proposed revisions—and before any litigation milestones have passed. No prejudice exists; the amendment simplifies the litigation and reduces motion practice rather than complicating it.

Consistent with the liberal standard of Federal Rule of Civil Procedure 15(a)(2) and Tenth Circuit precedent favoring amendment so that matters may be resolved on their merits, Plaintiffs respectfully request that leave to amend be granted.

I. **Fed. R. Civ. P. 15's "Freely Given" Standard Strongly Favors Amendment at This Early Procedural Stage**

   a. *The Liberal Amendment Standard Under Rule 15(a)(2)*

Rule 15(a)(2) directs courts to "freely give" leave to amend when justice so requires. This is not a neutral standard—it is a built-in presumption favoring amendment. The Tenth Circuit has consistently interpreted this rule liberally to provide litigants with "the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 499, 456 (10th Cir. 1982). The Supreme Court reinforced this liberal standard in in *Forman v. Davis*, where it held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits." 371 U.S. 178, 182 (1962).

Courts will only deny a motion to amend when "it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target,' to 'salvage a lost case by untimely suggestion of new theories of recovery,' to present 'theories seriatim' in an effort to avoid dismissal, or to 'knowingly delay[] raising [an] issue until the 'eve of trial.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (internal citations omitted). None of those situations are present here. Plaintiffs are not making the complaint a moving target; they are not introducing new theories—they are clarifying and narrowing existing ones. Plaintiffs are also not seeking to avoid dismissal; they are proactively streamlining claims before any dispositive motion has even been filed. And Plaintiffs are not delaying; this motion is made before a scheduling order, before discovery, and before any judicial rulings on substantive issues.

In short, this is precisely the posture in which the Tenth Circuit expects courts to grant amendment. No prejudice exists, no delay has occurred, and the amendment promotes, not hinders, an efficient resolution of the case.

3

### b. *Plaintiffs Are Not Required to Preemptively Amend Based on Conferral Discussions*

Defendants' argument that Plaintiffs should have amended immediately after the conferral process where Defendants previewed their dismissal arguments misunderstands both the conferral process and Rule 15. The Federal Rules of Civil Procedure do not require Plaintiffs to pre-emptively amend their complaint every time a party hints at possible dismissal arguments, particularly where, as here, the conferral represented only the Defendants' view of the case, not binding judicial determinations that necessitate immediate amendment. Defendants' position would turn Rule 15 on its head: they argue that simply because they previewed arguments, Plaintiffs should have automatically amended. That is incorrect. A conferral is not a command. And no court has ever held that a party must amend upon receipt of a conferral email, especially in a case involving complex civil rights claims and multiple categories of harms.

## II. Plaintiffs Did Not Unduly Delay Amending Their Complaint

Defendants' opposition to Plaintiffs' motion to amend on the grounds of "undue delay" is without merit. The Tenth Circuit's standard for undue delay requires both unreasonableness and lack of explanation, holding that denial of leave to amend is appropriate only when "'the party filing the motion has no adequate explanation for the delay.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). This standard focuses on the reason for delay rather than the mere passage of time. *Id.* While Defendants repeatedly assert that Plaintiffs acted with undue delay in filing the Motion to Amend their Complaint and Jury Demand, the timeline Defendants set forth in their Response disproves this assertion. The chronology clearly demonstrates Plaintiffs' diligence:

- **October 2, 2025**: Plaintiffs notify Defendants of their intent to amend the Complaint and Jury Demand
- **October 24-30, 2025**: Defendants provide their positions on Plaintiffs' proposed amended complaint
- **November 5, 2025**: Plaintiffs filed the Motion to Amend (within a couple of weeks of receiving Defendants' position)

This is the opposite of undue delay; it is responsible litigation conduct. Plaintiffs informed Defendants, awaited their position, and promptly filed.

Significantly, the deadline to amend pleadings has not yet been set, and this Court stayed all discovery on October 15, 2025—before discovery had even begun. Plaintiffs' motion is unequivocally timely. Defendants portray this litigation as if it has dragged on for years, when the Court only lifted the stay of the case on August 14, 2025, less than three months before Plaintiffs' filed the Motion to Amend.

Defendants also mischaracterize Plaintiffs' proposed amended complaint as an improper "moving target." A complaint is "a moving target" when it routinely proposes new theories of liability, specifically after primary theories of liability are dismissed, or when "a party attempts to salvage a lost case by untimely suggestions of new theories of recovery." *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998).

None of those circumstances exists here. No theories have been dismissed, and no dispositive motion has been adjudicated. Plaintiffs introduce no new legal theories; they simply provide additional factual specificity regarding allegations already pled and clarify the causes of action asserted against the Defendants.

Defendants' "moving target" argument is especially inappropriate given the realities of this case. Plaintiffs are profoundly disadvantaged in pleading because the victims are non-verbal students with significant needs, incapable of describing what was done to them, when, or how often. Defendants—and only Defendants—possess direct

5

knowledge of the full scope of the conduct at issue, as well as records, surveillance, staffing data, training protocols, and internal communications that would further substantiate the claims. Yet Defendants have blocked Plaintiffs' access to this critical information, opposing amendment while simultaneously preventing discovery of facts solely within Defendants' knowledge.

To complain that Plaintiffs' initial pleading lacked granular factual detail while Defendants themselves know the true extent of the horrific actions—and refuse to disclose information essential to uncovering it—is not only legally unfounded but fundamentally inequitable. Plaintiffs are doing exactly what Rule 15 intends: providing as much factual specificity as they reasonably can before discovery begins, in a context where discovery is essential to fill in details that are exclusively within Defendants' control. The proposed amended complaint is not a moving target; it is a responsible and good-faith effort to clarify and refine claims despite the extraordinary informational barriers inherent in representing non-verbal children subjected to systemic abuse.

### III. Defendants Suffer No Prejudice If Amendment is Allowed

Defendants' claim that they would be prejudiced because they have expended resources drafting motions to dismiss the original complaint fails to meet the standard for legal prejudice under Tenth Circuit precedent. In the Tenth Circuit, prejudice sufficient to deny leave to amend must be *substantial* legal prejudice, not merely routine inconvenient or minor expense associated with litigation. "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Minter*, 451 F.3d at 1208 (quoting *Patton v. Guyer*, 443 F.3d 79, 86 (10th Cir. 1971)). This most often occurs when the amended claims arise out of a completely

different subject matter that was set forth in the original complaint, or raise significant factual issues. *Id.*

Here, Plaintiffs' proposed amendments do not alter the core subject matter or expand the factual landscape of this case. To the contrary, they narrow and clarify the existing claims and add factual detail so the Court has a fuller picture of the severity of the conduct at issue. The Tenth Circuit has expressly held that prejudice is absent where an amended complaint continues to track the same factual situation originally pled. *See Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994); *see also Childers v. Indep. Sch. Dist. No. 1*, 676 F.3d 1338, 1343 (10th Cir. 1982). Far from causing prejudice, the amendments here streamline the litigation and focus the claims, which benefits both sides. Such targeted amendments promote judicial efficiency, reduce unnecessary motion practice, and foster a more orderly and economical resolution of the case, precisely what Rule 15 contemplates.

## IV. Plaintiffs' Amendments Are Not Futile. They Strengthen Plaintiffs' Claims in the Way Rule 15 Envisions

Defendants attempt to reargue the merits of their motions to dismiss by restating the same futility arguments. But Plaintiffs' amendments strengthen, not undermine, their claims by withdrawing certain challenged claims and adding targeted factual allegations supporting the remaining constitutional claims. Futility arguments are misplaced at this stage; Plaintiffs should be permitted to test their claims under Rule 12(b)(6). *Forman*, 371 U.S. at 182.

First, the proposed amendments remove some claims that defendants have specifically challenged, including the individual-capacity ADA, § 504, and Title VI claims, as well as parent-standing claims. By eliminating these contested claims, the amended

7

complaint becomes more focused and resilient to dismissal, directly addressing certain objections raised by the defendants. This strategic narrowing of claims is not indicative of futility but rather demonstrates a good-faith effort to streamline the litigation and focus on the most viable claims.

Second, Plaintiffs' amendments emphasize the perennial nature of the conscious-shocking abuse suffered by these non-verbal, significant needs students. Plaintiffs are not required to chronicle every single day of abuse to demonstrate Defendants' conscience-shocking misconduct; this snapshot of egregious, systemic mistreatment overwhelmingly satisfies the standard under 42 U.S.C. § 1983. By detailing the individual School District Defendants' responsibilities and policymaking roles, Plaintiffs show that these Defendants had direct knowledge of the repeated abuse and chose to facilitate this conduct, and take no remedial action, for an entire school year.

In fact, contrary to Defendants' argument, Plaintiffs' proposed amended complaint sets forth detailed allegations supporting *Monell* liability against the District. Plaintiffs identify Defendants Wicks and Peterson as final policymakers for the Steamboat Springs School District and allege that they had actual knowledge of ongoing, pervasive abuse of non-verbal, significant students and nonetheless permitted the abusive practices to persist (all of which are described in plausible detail). Under Colorado law, their assigned responsibilities—together with their reporting obligations to the Board of Directors—required that they monitor and respond to the daily operations of Steamboat Springs High School. Plaintiffs allege that Defendant Peterson knew of repeated episodes of abuse (*see* ECF 63-1 at ¶¶ 179–82, 423) and communicated this information to Defendant Wicks (*id.* at ¶¶ 80, 84–86, 216), yet no effective action was taken to stop it. These allegations

establish that final policymakers for the District ratified a widespread, systemic practice of abuse by failing to intervene despite actual knowledge. Accordingly, Plaintiffs have more than plausibly alleged Monell liability based on ratification by the District's final decisionmakers.

Plaintiffs' allegations are well-pled, facially plausible, and directly responsive to the standards articulated in the Tenth Circuit's cases governing deliberate indifference, *Monell* liability, and equal protection. The Court should permit amendment and allow discovery to proceed, enabling Plaintiffs to establish the truth and the full extent of Defendants' egregious conduct on a complete factual record, rather than being constrained by procedural limitations

If the Court addressed Defendants' futility arguments raised in their response, "the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true.'" *Lovato v. Mahler*, No. 21-cv-01986-RMR-KLM, 2022 U.S. Dist. LEXIS 78392, at *3-4 (D. Colo. Apr. 27, 2022) (quoting *Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994)). It is well-settled that a proposed amendment is only futile if the complaint, as amended, would not survive a motion to dismiss. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). The Defendants' approach improperly conflates the standard for a motion to dismiss with the more liberal standard for granting leave to amend. The proper inquiry is not whether the amended complaint will ultimately succeed on the merits, but whether it states a plausible claim for relief. Plaintiffs' proposed amendment complaint more than satisfies this standard.

V. **Conclusion**

Defendants' response gravely misunderstands Rule 15's liberal standard. Plaintiffs move to amend their complaint before any scheduling order, before discovery has begun,

and before any adjudication on dispositive motion, which is precisely when amendment should be freely permitted. Defendants' preferred approach would require the Court to expend resources ruling on a superseded complaint, only to repeat the process later, producing exactly the inefficiency that Rule 15 was designed to avoid.

Granting leave ensures that the operative pleading reflects the most accurate, focused, and legally supported version of the claims; avoids serial briefing; streamlines the issues; and allows discovery to proceed in a structured and fair manner. Plaintiffs have acted diligently and in good faith, while Defendants continue to hold exclusive access to essential information, including the full scope of the abuse inflicted on non-verbal children. Rule 15 exists precisely to prevent procedural barriers from foreclosing claims where the defendants alone control critical facts.

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion for leave to amend the complaint, permitting the filing of the amended complaint as proposed, and find Defendants' motions to dismiss as moot.

**BURG SIMPSON**
**ELDREDGE HERSH & JARDINE, P.C.**

 /s/Jessica L. Breuer
Hannah E. Huston, Esq.
Jessica L. Breuer, Esq.
40 Inverness Drive East
Englewood, CO 80112
Phone: (303) 792-5595
Fax: (303) 708-0527
jbreuer@burgsimpson.com
hhuston@burgsimpson.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      This is to certify that on December 5, 2025 a true and correct copy of the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF THE MOTION FOR LEAVE TO AMEND THEIR COMPLAINT AND JURY DEMAND** was filed with the U.S. District Court of Colorado CM/ECF System which will notify the following:

CAPLAN AND EARNEST LLC
Gwyneth Whalen
Elliott V. Hood
Caroline G. Gecker
3107 Iris Ave, Ste 100
Boulder, CO 80301
303-443-8010
gwhalen@celaw.com
ehood@celaw.com
cgecker@celaw.com
*Attorneys for the School District Defendants*

Lyons Gaddis, PC
Catherine A. Tallerico
PO Box 978
515 Kimbark St.
Longmont, CO 80502
303-776-9900
ctallerico@lyonsgaddis.com
*Attorney for Defendant Sylvia Rawling*

SGR, LLC
Courtney B. Kramer
3900 East Mexico Ave., Suite 700
Denver, CO 80210
303-320-0509
Email: ckramer@sgrllc.com
*Attorney for Defendant Anne-Marie Tennyson*

                                                  */s/Karina Terrones*
                                                  Karina Terrones, Paralegal